## LEAL v. BURGER et al. (No. 9574.)

Court of Civil Appeals of Texas. San Antonio. Nov. 2, 1927.)

**1. Appeal and error ⬥389(2)—Relator following proper procedure for indigent person's appeal held entitled to order allowing appeal, notwithstanding affidavit was designated as an application for mandamus (Rev. St. 1925, arts. 2241, 2266).**

Where relator made showing required by Rev. St. 1925, art. 2266, to secure an indigent person's appeal, and thereafter made affidavit required by article 2241, which was presented to district judge, relator was entitled to order allowing him to appeal as an indigent person as a matter of law, notwithstanding that affidavit was designated as an application for writ of mandamus.

**2. Pleading ⬥42—Remedy seasonably sought should not be denied because of technical irregularity in demand.**

Where a remedy has been seasonably sought, the court should not deny it on the ground of any technical irregularity in form of demand.

**3. Statutes ⬥170—Statutory provisions relative to furnishing free transcript on appeal to indigent appellants, being repealed by omission from amendatory act, held not restored by subsequent revision (Rev. St. 1925, arts. 2241, 2266, final title, subd. 21).**

Where the regular session of the 1925 Legislature repealed the statutory provisions of Rev. St. 1925, art. 2241 (then Acts 32d Leg. [1911] c. 119, § 8), and article 2266, relative to furnishing a transcript of evidence to an indigent appellant, by omitting section 2241 from their general amendatory act upon such subject, such provisions did not again become law by the later general revision of law by the same Legislature, in which revision such provisions were specifically stated as being re-enacted, since Rev. St. 1925, final title, subd. 21, provided that nothing in such revision should be construed as affecting the validity of acts of the regular session.

Original mandamus by E. R. Leal against Tom Burger and others to compel one of the respondents, as official district court reporter, to furnish relator a free transcript of evidence. Mandamus denied.

Drew Pruitt, of San Antonio, for relator.

Cunningham, Moursund & Johnson, of San Antonio, for respondents.

SMITH, J. At the May (1927) term of the Seventy-Third district court of Bexar county, Santos Leal, Jr., obtained a judgment against E. R. Leal, from which judgment the latter·

desired to appeal to this court. That term of the court was adjourned on July 2, 1927. On July 7th thereafter E. R. Leal filed an affidavit setting up his inability to pay the costs of an appeal from said judgment, or to give security therefor, and thereafter made strict proof of such inability, before the county judge of Bexar county, who entered an order to that effect, decreeing that Leal was "entitled and is hereby allowed to prosecute the appeal of said case to said Court of Civil Appeals without giving an appeal bond for costs"; but the county judge declined to order the official court reporter of said district court to prepare and deliver a statement of facts in the case, without charge, to Leal. Leal then made demand upon the reporter for such statement of facts, but was refused. He then filed a proceeding in the district court trying the case, setting out the foregoing facts, and praying for an order requiring the official court reporter ·to prepare and deliver, free of cost to him, a transcript of the evidence in the case, for his use on appeal. The district judge refused to make this order, whereupon Leal instituted an original proceeding in this court, praying for a writ of mandamus requiring the court reporter to furnish said transcript to the applicant, relator herein. It is shown that the trial below occupied several days, and that the transcript, when made up, will be a voluminous one.

The proceeding to procure the transcript of evidence from the court reporter was based upon articles 2266 and 2241, R. S. 1925, respectively:

Article 2266: "Where the appellant or plaintiff in error is unable to pay the costs of appeal, or give security therefor, he shall nevertheless be entitled to prosecute his appeal; but, to do so, he shall make strict proof of his inability to pay the costs, or any part thereof. Such proof shall be made before the county judge of the county where such party resides, or before the court trying the case, and shall consist of the affidavit of the party stating his inability to pay the costs; which affidavit may be contested by any officer of the court or party to the suit, whereupon the court trying the case, if in session, or the county judge of the county in which the suit is pending, shall hear evidence and determine the right of the party to his appeal."

Article 2241: "In any civil case where the appellant or plaintiff in error has made the proof required to appeal his case without bond, such party may make affidavit of such fact, and upon the making and filing of such affidavit the court shall order the official reporter to make a transcript in narrative form in duplicate and to deliver the same to said party but such reporter shall receive no pay for same."

[1, 2] The instrument or pleading by which relator invoked an order from the district judge to require the court reporter to furnish the desired transcript was denominated by re-

lator as an original mandamus proceeding, and respondent makes the point here that, that being a mandamus proceeding, relator's remedy was by appeal from the order denying the writ of mandamus. We are of the opinion, however, that, notwithstanding its designation as an "original application for the writ of mandamus," the proceeding in the lower court as a practical matter was in compliance with the provision in article 2241, and should be regarded and disposed of accordingly. Relator made the affidavit required in that article, having first made the showing required in article 2266. Having made the required showing, and having presented an affidavit thereof to the district judge, relator was entitled to the order as a matter of law; the district judge having no discretion in the matter. And relator should not be denied his remedy merely because he dressed his simple affidavit in the more showy garb of an application for writ of mandamus. Its purpose and effect were those prescribed by the statute, and entitled him to the order, whether described simply as an order, or a writ of mandamus; and, if seasonably sought, it should not be denied him because of a technical irregularity in the form of his demand. So, for the purposes of this decision, at least, it may be said that relator has shown himself entitled to all the relief validly afforded him under the provisions of articles 2266 and 2241; for, in pursuance of the procedure prescribed in those statutes, he conclusively established that he was unable to pay the costs of appeal, or give security therefor. His consequent right to have the official court reporter furnish him with a transcript of the evidence free of cost, and to appeal the case without paying or securing the payment of the costs of appeal, was contested, tried, and adjudicated in his favor. He filed with the trial judge an affidavit of those facts, together with a prayer for an order directing the court reporter to furnish him the transcript free of cost, although erroneously designating the pleading as an original application for mandamus. In short, he substantially complied with the statutes vouchsafing to him the right of appeal notwithstanding his poverty.

[3] But the respondents, besides attacking the sufficiency of relator's compliance with the provisions of articles 2266 and 2241, to entitle him to the relief sought to be given him therein, attack the validity of those statutes, upon the ground that they have been superseded by other statutes in conflict with them, and by which they have been expressly repealed. This contention seems to be sustained by existing laws upon the subject.

Article 2241 was first enacted as a part of section 8, c. 119, of the General Laws passed at the regular session of the Thirty-Second Legislature in 1911. The provision was carried forward and preserved in amendments of that act passed in 1917 (Acts 35th Leg. c. 189), 1918 (Acts 35th Leg. [4th called Sess.] c. 79), and 1919 (Acts 36th Leg. c. 111). In an amendment of section 8 in 1920 (Acts 36th Leg. [3d Called Sess.] c. 47), however, the provision was wholly omitted from the act, and ceased to be a part of the laws of the state. (See the history of the provision in the footnote to article 2241, 7 Vernon's Ann. Tex. Civ. Stat. p. 277.) It constituted no part of our statutes when the Thirty-Ninth Legislature convened in 1925. At the regular session of that Legislature section 8 was amended "so as to hereinafter read" as the amendment was there enacted. No reference was made in the amendment to the matter of providing for a free transcript of evidence to indigent litigants, but the repealing clause of the amendment was comprehensive, and expressly repealed the original section 8 and each of the later amendments thereto. So, in the absence of the provision in question from the amendatory act, that provision remained in the discard into which it had been cast by the Act of 1920.

In the revision of the statutes in 1925, however, the provision was revived, and became the present article 2241, and it is upon this provision so revived that relator bases his right to require the court reporter to prepare and furnish the transcript. Undoubtedly the provision is a wholesome and just one, designed to secure the valuable right of appeal to every litigant without regard to his ability or inability to pay cash for the record on appeal, or to secure the payment thereof. For, the true spirit of a just government, more especially this one of ours, is to guarantee equal rights, and equal opportunity to enforce those rights, to every citizen, high or low, rich or poor, honored or despised, and this includes the untrammeled privilege of every person to litigate his rights on appeal, as well as in the trial courts. If he is without property or credit, the statutes provide that he may enter any trial court and have his rights there adjudicated, without paying the costs or securing the payment thereof, by simply declaring and proving his inability to do either. This right is given him by express statute which has been in force and unimpaired so long as to make it the settled policy of the state, and which no power or influence has had the temerity to tamper with. But not so with the right of appeal, for, by Act of the Thirty-Ninth Legislature (Gen. Laws, 1925, p. 669), the provision (article 2241) giving indigent litigants the right to demand free of cost a transcript of the evidence adduced in the trial court for his use on appeal, was omitted, and the amendatory act was so worded as to effectually repeal the provision, notwithstanding it was incorporated into the statutes as revised by that same Legislature. For, by subdivision 21 of the final title of the Revised Statutes of 1925, it was provided

that "nothing in this act shall be construed to repeal or in any wise affect the validity of any law passed by this Legislature in its regular session." 22 Stat. p. 187 (Vernon's Ann. Civ. St. 1925). In the amendment passed that session, the Legislature assumed to treat of the whole subject of the duties and compensation of official shorthand reporters, as well as the matter of the preparation of transcripts of evidence and statement of facts by them, and in that act all previous enactments upon the subject were expressly repealed. No provision was made in that act requiring the reporter to prepare and furnish indigent litigants with a transcript or statement of facts, free of cost, and no exceptions were made from the provision that the reporter should receive from all litigants the fees therein stipulated. It is obvious, therefore, that the provisions in articles 2241 and 2266, requiring the reporter to furnish such, work free of charge, was an exception to and in conflict with the provisions of the session act, and was rendered nugatory by the provision of section 21 of the final title that nothing in the revision "shall be construed to repeal or in any wise affect the validity of any" act passed at that session of the Legislature. Johnson v. Martin, 75 Tex. 33, 12 S. W. 321.

There being no law now in force requiring an official court reporter to furnish transcripts of evidence or statements of facts free of cost to the party requesting it, be he prince or pauper, relator's application for writ of mandamus will be denied.