**CORBETT et al. v. RAYMONDVILLE IN-DEPENDENT SCHOOL DIST. et al.**

**No. 8928.**

Court of Civil Appeals of Texas. San Antonio.

July 13, 1932.

Jesse G. Foster, of Raymondville, for appellants.

S. L. Gill, A. B. Crane, and R. F. Robinson, all of Raymondville, Seabury, George & Taylor and Graham, Graham & Graham, all of Brownsville, and Davis E. Decker, of Raymondville, for appellees.

SMITH, J.

This is a motion to strike transcript of the evidence and certain documentary evidence filed herein as part of the record.

The transcript of the evidence on file bears the certificate of the trial judge that he does hereby "certify that the foregoing pages contain a true and correct transcript of all the oral testimony introduced on the trial of this cause, together with the exceptions and objections to the introduction of testimony, with the rulings of the court thereon."

There is no recital in the judge's certificate, nor does it otherwise appear anywhere in the record, that any effort was made by appellant or the trial judge to comply with the requirements of article 2238, R. S. 1925, as amended, that, upon the filing of the transcript of the record in the trial court, and before approval thereof by the judge, "notice of the filing shall be given to the interested parties, who may make objections thereto, and any objections, if found to be material and well-founded, shall be allowed. If said transcript is thus approved and signed by the judge, the same shall be filed among the papers of said cause and become a record therein, but not to be recorded." Acts 1931, 42d Leg., 1st C. S., p. 75, c. 34, § 2 (Vernon's Ann. Civ. St. art. 2238). On the contrary, the uncontroverted affidavits of counsel show conclusively that no effort was made by appellants to comply with said requirements.

In short, the record conclusively shows that the transcript of the evidence was filed in the trial court and subsequently in this court without giving appellees any notice or opportunity to inspect or agree to the same, as provided by statute. In such case this court has no alternative but to disregard that transcript and strike it from the record.

It is true, as appellant contends, that this court had previously granted appellants an extension of time in which to have the transcript of the evidence prepared and filed herein, and that appellees had notice, in general terms, of such motion. But that notice, and the granting of that motion by this court, could not be given the effect of excusing appellants from complying with the statutory requirements here in question, or of depriving appellees of the opportunity vouchsafed them by the statute to examine and approve or object to said transcript before it was approved by the trial judge and filed herein.

Appellees further move to strike certain numerous and voluminous documents filed herein by appellant apart from the transcript of the evidence. These documents appear to have been filed herein under orders of the trial court and this court authorizing and directing the presentation here of certain original documents put in evidence below. These documents do not purport to be originals, however, but purport only to be copies of originals, certified to by the court stenographer reporting the trial below, and approved by the trial judge. Documents of that character and in that form may constitute parts of a record on appeal only by virtue of the statute. The only statutory authority for such procedure is contained in article 2239, as amended, as follows: "In case an appeal is taken from the judgment rendered in said cause, such original stenographer's transcript in question and answer form shall be sent up

as the report of the testimony therein, * * * and (except as herein otherwise provided) no other record of said testimony shall be sent up on appeal; provided, any original documentary evidence, sketches, maps, plats or other matters introduced in evidence shall be transcribed by such stenographer into the said stenographer's report or if identified in the stenographer's report may, by written direction of the judge, be sent up in the original form if requested by either party to the suit. * * *" Acts 1931, 42d Leg., 1st C. S., p. 75, c. 34, § 3 (Vernon's Ann. Civ. St. art. 2239).

It is plain that, in order to entitle it to consideration on appeal, such evidence as that mentioned must be either copied into the statement of facts or sent up in its original form, and that mere copies sent up apart from the transcript cannot be considered.

It·is true that this court has heretofore granted appellants' motion for leave to bring up certain original documents as parts of the record, but in granting that leave this court assumed that appellants would follow the provisions of article 2239, as amended, and file in this court only such original documents as had been properly authorized by the trial judge.

This court has no power to establish exceptions to the statutory rule requiring notice to appellees of the filing of transcripts of evidence, and giving them an opportunity to examine, and approve or object to, such transcripts; or to the statutory restrictions upon the methods of bringing up documentary evidence. And, since it is obvious that these rules have been disregarded by appellant in this case, this court has no recourse but to grant appellees' motion to strike.