## CORBETT et al. v. RAYMONDVILLE INDEPENDENT SCHOOL DIST. et al.
### No. 8928.

Court of Civil Appeals of Texas. San Antonio.

Nov. 30, 1932.

Rehearings Denied Jan. 18, 1933.

Jesse G. Foster and B. S. Wright, both of Raymondville, for appellants.

S. L. Gill, A. B. Crane, and R. F. Robinson, all of Raymondville, and Seabury, George & Taylor and Graham, Graham & Graham, all of Brownsville, for appellees.

FLY, C. J.

This suit was instituted by the Raymondville Independent school district against Hays Scisson, tax collector, C. M. Corbett, Mrs. F. A. Douthit, Harry Douthit, sole heirs of F. A. Douthit, deceased, Mrs. Mary B. Bradley, personally and as sole legatee and executrix of the estate of E. R. Bradley, deceased, First National Bank in Brownsville, and the Merchants' National Bank of Brownsville, to recover the sum of $11,000 from Scisson, as assessor and collector of taxes in Willacy county, and his sureties on his official bond or their heirs or legatees, and against the banks for the trust funds deposited with them. Two of the sureties, F. A. Douthit and E. R. Bradley, had died. Scisson collected the taxes and misappropriated them. It was alleged that Scisson had deposited checks in favor of the Independent school district in his own name, and had then drawn out the funds and appropriated them to his own benefit, with the knowledge of the banks. The court instructed a verdict in favor of the school district as against Hays Scisson, in the sum of $11,261.-09, and against the defendant sureties, C. M. Corbett and Mary B. Bradley, personally, in the same sum, $11,261.09, as against Mrs. F. A. Douthit and Harry Douthit, in the sum of $5,000, and it was adjudged that the district take nothing as against the three banks. The judgment limited the amount adjudged against the Douthits to the amount received from the estate of F. A. Douthit, deceased, one of the sureties. This appeal is prosecuted by the representatives of the sureties.

The statement of facts and certain copies of documents used in the court below were stricken from the record at a former day, and an opinion written in the case by Associate Justice Smith, which is hereby reaffirmed, is on file herein. 52 S.W.(2d) 1116.

Mrs. Bradley, the Douthits, and Corbett have filed separate briefs; that of Mrs. Bradley containing sixteen propositions, that of the Douthits 58 propositions, and Corbett's 42 propositions.

■ We consider first the propositions of Mrs. Bradley. The first proposition assails the action of the court in admitting a copy of the record of the bond purporting to have been executed by Scisson and his sureties, on the ground that the law does not grant permission to record such a bond in the county clerk's office, and therefore there is no provision in the law authorizing the copy of such attempted record in evidence. As before stated, there is no statement of facts, and in the absence of such statement the presumption will prevail that there was other evidence of the existence of the bond used on the trial, and we are fortified in this presumption by certain testimony of witnesses copied into the bill of exceptions taken by appellant, and which conclusively shows that there was other proof of the execution and existence of the bond. The bill of exceptions, being contained in the transcript of the record, was not stricken out with the statement of facts, and will be considered by this court. We overrule the second and third propositions of Mrs. Bradley, as well as the first, which relates to the inadmissibility of the bond as being proscribed by article 3716, R. S., as to evidence of transactions with a deceased person. It has no applicability.

■ The fourth proposition assails the admission in evidence of Hays Scisson that he had collected certain taxes and had given no receipt therefor, "no knowledge having been proven of such a statement being brought to the deceased E. L. Bradley or this defendant Mrs. Mary B. Bradley." Scisson was the assessor and collector and E. L. Bradley was one of the sureties on his bond, and we know of no law requiring the collector to inform his bondsmen every time he makes a collection, and it was not necessary to show that the bondsmen knew about collections. The admission of the collector was permitted, to show that the collector had made certain collections for which he had not accounted, and it was properly admitted in evidence. The proposition is overruled.

■ The evidence of W. A. Irwin that he had audited the books of Scisson and found therefrom that Scisson had collected $11,261.09 more taxes than he had accounted for to the district was admissible. It was not a conclusion of the witness, but the statement of a fact. The fifth proposition is overruled.

■ All the propositions of Mrs. Bradley, from the sixth to the fifteenth, both inclusive, are based on questions of fact; and, there being no statement of facts, there is no basis upon which to rest them. The propositions are overruled.

■ ■ Mrs. Bradley was the survivor, the sole legatee and executrix of the estate of E. L. Bradley, deceased, and, no administration being alleged, it was unnecessary to have an administration of the estate; and, the suit being for an amount within the jurisdiction of the district court, that court had jurisdiction of the cause as to her.

■ ■ The county court did not have jurisdiction of this suit, and it was clearly within the jurisdiction of the district court. That court alone could determine the issues arising between the parties. We must presume that there were no debts against the estate of F. A. Douthit, deceased. All reasonable presumptions must be indulged in favor of the judgment being sustained by the facts. We must presume that the estate of F. A. Douthit had been fully administered and that his heirs had received their shares of the estate, and it devolved on Mrs. Douthit and Harry Douthit to show what they had received from the estate. Their first, second, third, fourth, and fifth propositions are overruled.

The bond is written and conditioned as the law provides, as shown by an exhibit attached to the petition. The bond, of course, bound the sureties as well as the principal for the term served by the principal. We overrule the sixth and seventh and eighth propositions.

The exceptions to the petition were properly overruled. The petition was not subject to any of them. Most of them were too technical and filmy for serious consideration. The ninth, tenth, eleventh, twelfth, thirteenth, fourteenth, fifteenth, sixteenth, seventeenth, and eighteenth propositions are overruled.

All of the propositions from the nineteenth to the thirty-fifth, inclusive, as well as the thirty-seventh to the thirty-ninth, inclusive, are based on facts, and the Douthits having neither bills of exception nor statement of facts, they are overruled. The thirty-sixth proposition assails the supplemental petition, and is without merit.

Under the terms of article 2791, Rev. Stats. Scisson was given authority to collect taxes for the school district. The fortieth, forty-first, and forty-second propositions are overruled.

All the propositions from the forty-third to the fifty-eighth, inclusive, are based on facts to which this court has no access, and they are overruled.

The first, second, and third propositions of C. M. Corbett are overruled. The petition was sufficient to show that Corbett was liable on a valid bond executed by Scisson, the assessor and collector of the school district,

The fourth, fifth, sixth, seventh, eighth, ninth, tenth, eleventh, twelfth, thirteenth, fourteenth, fifteenth, sixteenth, seventeenth, eighteenth, nineteenth, twentieth, twenty-first, twenty-second, twenty-third, twenty-fourth, twenty-fifth, twenty-sixth, twenty-seventh, twenty-eighth, twenty-ninth, thirtieth, thirty-first, thirty-second, thirty-third, thirty-fourth, thirty-fifth, thirty-sixth, thirty-seventh, thirty-eighth, thirty-ninth, fortieth, forty-first, and forty-second propositions have been adversely passed on, in connection with the propositions of the other appellants, and are overruled. Most of them are based on facts not in the record, and others attack the bond on grounds without merit.

The judgment is affirmed.