## BIG SPRING MUT. AID ASS'N v. MOORE.
### No. 2864.

Court of Civil Appeals of Texas. El Paso.
July 7, 1933.

Rehearing Denied July 19, 1933.

Thomas & McDonald, of Big Spring, for appellant.

Paul Moss and J. H. Kirby, both of Odessa, for appellee.

WALTHALL, Justice.

This case presents an appeal from an order overruling a plea of privilege.

The appellee, Mrs. C. L. Moore, a feme sole, filed this suit in the district court of Ector county against appellant, Big Spring Mutual Aid Association, alleged to be a local mutual aid association duly incorporated and operating under the laws of Texas, with its principal office at Big Spring, Howard county, Tex.

This suit is based upon two policies of insurance, alleged to have been executed and delivered by said association and to recover of appellant certain assessments to be paid on the death of her husband, C. L. Moore, provided for in the policy contracts, and in which policies appellee is named as the beneficiary.

Appellant filed its verified plea of privilege to be sued in Howard county, the county of its domicile. The plea is regular in every way and alleges that no exception to the exclusive venue in the county of its residence, provided by law, exists in said cause, and prayed that the court sustain the plea, etc.

Appellee filed her verified controverting plea setting up that the venue of this suit comes under exceptions to the general venue statute, and is triable in Ector county under subdivisions 28a and 23 of article 1995, R. C. S. 1925 (as amended [Vernon's Ann. Civ. St. art. 1995, subds. 23, 28a]).

# 388

The court heard the evidence on the issues presented by the pleas, and overruled appellant's plea of privilege and so entered judgment from which appellant prosecutes this appeal.

## Opinion.

Appellee has filed a verified motion to strike from the record the statement of facts filed in this court on February 9, 1933, for the reason that same was filed in the trial court and submitted to this court without giving appellee any notice or opportunity to inspect or agree to the same, as provided by the statute, article 2238, as amended by Acts 1931, 42nd Legislature, 1st Called Sess., p. 75, c. 34, § 2 (Vernon's Ann. Civ. St. art. 2238).

The record shows that the statement of facts was prepared and certified to by the official court reporter as containing a full, true, and correct transcript, in question and answer form of all the testimony, together with a full, true, and correct transcript of all objections to the admission or exclusion of evidence, the court's ruling thereon and the exceptions reserved to such rulings, and the hearing on the plea; that the court examined, found correct, approved, and ordered same filed as the statement of fact and signed same. Appellee did not in any way agree to said statement.

Appellant submits that the failure to give notice to appellee and an opportunity to make objections thereto, before the statement was approved, was an irregularity and was waived by appellee by not filing a timely motion under the rules to strike said statement.

We have duly considered appellee's motion and the answer thereto. While appellee does not insist that the statement is incorrect in any way, or that she would have made any objections thereto had she been given an opportunity to inspect the statement, the statute expressly gives her the right of having such notice and the right to make objections thereto, and we have concluded that a failure to comply with the statute in the matter is not an irregularity within the contemplation of the rules and that she did not waive her right to have the statement stricken by not filing her motion at an earlier time. To be bound by the statement the provisions of the statute must be substantially complied with. Sanders Nursery Co. v. J. C. Engelman, Inc. (Tex. Civ. App.) 59 S.W.(2d) 954; Corbett et al. v. Raymondville Independent School District et al. (Tex. Civ. App.) 52 S.W.(2d) 1116. Appellee's motion is sustained.

The trial court heard the evidence on the trial of the pleas and filed findings of fact and conclusions of law. They are as follows:

## "Findings of Fact."

"1. That the plaintiff is the widow of C. L. Moore, and resides in Ector County, Texas.

"2. That defendant is a local mutual aid association, engaged in writing life insurance, with its principal office in Howard County, Texas.

"3. That on or about July 22, 1931, the defendant executed and delivered to C. L. Moore, the husband of the plaintiff, in Ector County, Texas, two policies of insurance, obligating the defendant to pay to the plaintiff, the beneficiary named in such policies, not to exceed $1000.00 on each of said policies. Should the said C. L. Moore die in good standing, no part of which has been paid.

"4. That C. L. Moore died in Ector County, Texas, where he had lived for six years, on or about January 23, 1932.

"5. That the plaintiff is the beneficiary named in each of said policies.

"6. That the said C. L. Moore died in good standing as a member of the said Big Spring Mutual Aid Association."

## "Conclusions of Law."

"1. That at least a part of plaintiff's cause of action arose in Ector County, Texas.

"2. The subdivision 23 of Article 1995, Revised Statutes, fixes the venue of this cause in Ector County, Texas.

"3. That defendant's plea of privilege should be overruled.

"[Signed] Chas. L. Klapproth,
"Judge District Court, Ector County."

It will be observed that the court found that defendant executed and delivered to C. L. Moore in Ector county, the two policies of insurance sued on; that C. L. Moore died in Ector county; and that appellee is the beneficiary named in each of the two policies.

The court having found that defendant is a local mutual aid association, by virtue of article 4875a—24, Vernon's Ann. Civ. St., said finding is equivalent to finding that defendant was incorporated as alleged by appellee.

From which findings the court concluded that section 23 of article 1995, R. C. S., as pleaded by appellee, was an exception to the general venue statute which fixes the venue of the suit in Ector county.

In the absence from the record of a statement of facts we must presume that the court's findings are sustained by the evidence.

Some of the matters discussed in appellant's brief properly arise on the trial on the merits and we have not considered same.

We have concluded that the record presents no reversible error, and that the case should be affirmed, and it is so ordered.