GARRISON v. GREAT SOUTHERN LIFE INS. CO.

No. 11622.

Court of Civil Appeals of Texas. Dallas.

Feb. 10, 1934.

Motion to Certify Denied March 3, 1934.

Smith & Smith, of Dallas, for appellant.

Vinson, Elkins, Sweeton & Weems, of Houston, for appellee.

LOONEY, Justice.

Appellee moves to strike out the statement of facts, on the ground that no notice was given it or its attorneys of the filing by the court reporter of the transcript of the evidence, before being approved by the trial court, as required by statute; that the first notice appellee received of the statement having been approved by the court was from the clerk of this court, advising appellant's counsel that the statement had been filed in this court by counsel for appellant. Appellee alleges that, if it had been given proper notice of the filing of the statement, objections would have been made thereto, because of its incompleteness, in that certain material matters were omitted that should have been included therein.

The controlling statute is article 2238, as amended in 1931 at the First Called Session of the 42nd Legislature, c. 34, § 2 (Vernon's Ann. Civ. St. art. 2238). As amended, the statute reads: "When any party to any suit reported by any such reporter shall desire a transcript of the reporter's notes of the evidence in said suit, said party may apply for the same and such stenographer shall thereupon file an original and duplicate copy thereof in question and answer form among the papers in said cause, and it shall be made the duty of the court, if the transcript be found to be correct, to approve the same; provided, however, before approving same, notice of the filing shall be given to the interested parties, who may make objections thereto, and any objections, if found to be material and well-founded, shall be allowed. If said transcript is thus approved and signed by the judge, the same shall be filed among the papers of said cause and become a record therein, but not to be recorded."

It is obvious that the statute placed no duty upon the party appealing to notify the adverse party of the filing, by the court reporter, of the "Q and A" transcript of evidence, but that, on its being filed, it becomes "the duty of the court, if the transcript be found to be correct, to approve the same; provided, however, before approving same, notice of the filing shall be given to the interested parties, who may make objections thereto, and any objections, if found to be material and well-founded, shall be allowed. * * *"

Neither appellee nor its attorneys received prior notice of the filing or approval of the statement, because of the stress of circumstances, explained by Honorable Towne Young, presiding judge, as follows: "The statement of facts in this case was brought to me by Mr. B. Ray Smith (attorney for appellant) on July 29, 1933, and he told me that he had to file it in the Court of Civil Appeals on that day, and that he did not have time to submit it to opposing counsel and stated that he would permit the attorneys for the Great Southern Life Insurance Company to make objections thereto after it had been filed in the appellate court. * * *"

Appellee's insistence that the statement of facts should be stricken out is based upon the following decisions, construing the statute in question: Corbett et al. v. Raymondville, etc. (Tex. Civ. App.) 52 S.W.(2d) 1116 (by the San Antonio court); Sanders Nursery Co. v. Engelman, Inc. (Tex. Civ. App.) 59 S.W.(2d) 954 (by the San Antonio court); Big Spring Mutual Aid Ass'n v. Moore (Tex. Civ. App.) 62 S.W.(2d) 387 (by the El Paso court). These decisions sustain the contention of appellee; i. e., the rule is announced that, on motion of an interested

party not notified as provided by statute, a statement of facts approved and filed under such circumstances will be stricken out, and this without regard to whether injury resulted or not.

Entertaining great respect for the ability of the courts rendering these decisions, yet we are unwilling to follow the strict construction given the procedural statute involved. The vital complaint of the motion is that the statement of facts, approved and filed under the circumstances, is incomplete, in that certain material matters were omitted. This is not an unusual situation; it has often occurred in the past, and the fact that it has arisen under a recently enacted statute does not, in our opinion, alter or change the applicable rule of procedure. The statement of facts is a part of the record made below; as an appellate court we are without authority either to take from or add to the same, such being peculiarly the province of the trial court; however, the rule is recognized that although a case may be on appeal an incomplete statement of facts, or one containing improper matter, may, under proper proceedings, be withdrawn from the appellate court and corrected in the trial court. 3 Tex. Jur. § 551, pp. 771, 772. Foty v. Rotchstein (Tex. Civ. App.) 50 S.W.(2d) 927, and authorities cited.

■ If the statute in question requires, as held in the cases cited, the elimination of the statement of facts, for no reason other than that the trial court failed to give the prescribed notice to an interested party, an exceedingly harsh rule has been enacted, for it is obvious that in a majority of instances to strike out the statement defeats the appeal. We do not think such was intended by the Legislature. The aggrieved party has an adequate remedy, as he is permitted to withdraw an imperfect or incorrect statement for correction or amendment in the trial court, and, in our opinion, a failure on his part to pursue this course waives the error of the court in failing to give the prescribed notice.

In answer to the motion to strike appellant requests the court that, "If permitted to do so, to allow appellee to make any correction that appellee thinks would best suit its purpose, and which would be in keeping with the authenticity of such record." So, in harmony with our view of the matter, the motion to strike is overruled, but in response to the request of appellant, permission is granted appellee to withdraw the statement from our files for correction by appropriate proceedings in the trial court; however, should appellee fail to avail itself of this privilege within ten days from the date of this order, appellant may withdraw the statement for such amendment or correction in the trial court as the facts justify.

Motion to strike overruled; permission granted to withdraw statement for correction and amendment.

### On Motion to Certify to Supreme Court.

■ On February 10th, we overruled appellee's motion to strike the statement of facts, based upon the ground that no notice of filing the transcript of evidence by the reporter was given appellee or its attorney, before being approved by the court. Our opinion filed at the time sets out in full reasons for our holding. We are now requested by appellee to certify to the Supreme Court the question of law presented by the motion to strike, in that our decision is in direct conflict with prior decisions of other Courts of Civil Appeals. That a conflict exists, as contended by appellee, is undoubted, as we refused to concur in the opinions of the other courts on the construction of the statute involved. These decisions are mentioned and the conflict recognized in the opinion heretofore filed. However, notwithstanding the conflict, we deny the motion to certify, because our decision of the question is not final. While it may be true, as contended by appellee, a writ of error will not lie alone from our holding on the motion to strike, yet, if our decision in that respect is incorrect, the holding, as well as other holdings on final disposition, may become the basis of an application for writ of error and be reviewed by the Supreme Court.

The motion to certify is denied.