## ACKERSON et al. v. FARM & HOME SAVINGS & LOAN ASS'N OF MISSOURI.
### No. 9459.

Court of Civil Appeals of Texas. San Antonio.

March 28, 1934.

Rehearing Denied May 9, 1934.

Brown & Bader and J. F. Carl, all of Edinburg, for appellants.

Raymond Edwards, of San Antonio, and Montgomery, Hall & Taylor, of Edinburg, for appellee.

SMITH, Justice.

In this appeal appellee presents a motion to strike the narrative statement of facts

prepared and filed herein by appellants in attempted compliance with the statutes providing for appeal upon affidavit of inability to pay costs, in lieu of appeal bond. The motion brings up vexatious questions arising with increasing frequency from the uncertainties, hiatuses, and inconsistencies in the statutes designed to prescribe the two methods of appeal.

Upon hearings the trial court first overruled and afterwards granted appellants' motion for leave to appeal upon their affidavit of inability to pay costs of appeal under articles 2266 and 2278a of the statutes (Vernon's Ann. Civ. St.) as follows:

"Art. 2266. *Party unable to give cost bond*

"Where the appellant or plaintiff in error is unable to pay the costs of appeal or give security therefor, he shall, nevertheless, be entitled to prosecute an appeal by making strict proof of such inability, which shall consist of his affidavit filed with the Clerk of Court stating that, he is unable to pay the costs of appeal, or any part thereof, or to give security therefor. Any Officer of Court or party to the suit, interested, may contest the affidavit, whereupon the Court trying the case, if in session, shall hear the contest; but if in vacation, the same shall be heard by either the Judge of the Court or the County Judge of the County where the suit is pending and on such hearing evidence may be introduced, the right of the party to appeal shall be determined, the finding certified to, and filed as a part of the record of the case. It will be presumed, prima facie, that the affidavit of appellant speaks the truth and unless contested within ten (10) days after being filed the presumption shall be deemed conclusive. The appeal will not be dismissed for defects or irregularities in procedure, either of form or substance, without allowing the party appealing a reasonable time, not exceeding ten (10) days after notice, to cause to be corrected or amended such defects or irregularities. (As amended Acts 1931, 42nd Leg., p. 226, ch. 134, § 1.)

"Art. 2278a. *Free statement of facts on appeal for paupers*

"In any civil case where the appellant or plaintiff in error has made the proof required to appeal his case without bond, such party shall make affidavit to such fact, and upon the making and filing of such affidavit the court shall order the official reporter to make a transcript in narrative form in duplicate, and to deliver the same to said party, but such court reporter shall receive no pay for same. (Acts 1930, 41st Leg., 4th C. S. p. 91, ch. 50, § 1.)"

Article 2278a is but a re-enactment of article 2241, R. S. 1925, which had been repealed by intervening acts. Leal v. Berger (Tex. Civ. App.) 299 S. W. 497. And it will be observed that by the provisions of article 2278a, appeals upon pauper's oath may be made upon narrative statement of facts as distinguished from question and answer transcripts of the evidence. Under that article it is plain that the court reporters cannot be required to furnish other than narrative statements. And it is obvious, by necessary implication from that express provision, that a statement of facts in that form is sufficient in case of appeal upon pauper's oath.

Now, the requisites of statements of facts, and the procedure for procuring, approving, and filing the same, in cases of appeal upon bond, are prescribed in different statutes from those providing for appeal upon pauper's affidavit. Articles 2237, 2238, and 2239, as amended by the Acts of 1931 (42d Leg., 1st Called Sess. p. 75, c. 34, §§ 1, 2, 3 [Vernon's Ann. Civ. St. arts. 2237–2239]). It is there provided that the statement of facts must be in question and answer form, embracing bills of exception concerning the admission and exclusion of testimony; or in narrative form embracing only such portions of the evidence as the parties shall agree upon as being pertinent to the questions of law to be reviewed upon appeal. Those statutes lay down a specific course to be pursued for the preparation of the question and answer transcript of the testimony, filing and notice to the parties of such filing, objections by the parties, approval by the trial judge, refiling below, and filing in this court. That procedure applies only to the question and answer transcript; it does not apply to the diminished narrative form, which is to be a creature of agreement between the parties, free of the procedure relating to the question and answer transcript. Further, it is quite obvious that it does not apply to the narrative statement of facts provided for in case of appeal on pauper's affidavit.

From this premise we approach the case presented here, in appellee's motion to strike the statement of facts.

Appellants' motion for rehearing was overruled below on October 28, 1933. According to the last-known patch placed on article 1839, by the Legislature (Acts 1933, 43d Leg., p. 142, c. 67 [Vernon's Ann. Civ. St. art. 1839]), appellants had until about December

27 in which to file statement of facts in this court, unless cause for delay was shown by motion filed in this court on or before fifteen days thereafter. Upon such motion, this court extended that time to January 26, 1934.

On November 14, 1933, appellants filed below their affidavit of inability to pay costs of appeal. On December 13, the trial judge granted appellants' application for leave to appeal on their affidavit, and ordered the clerk to furnish him with a transcript of the record, and the court reporter to prepare and deliver to appellants a "properly certified statement of facts in this cause" without charge.

According to the affidavit of counsel attached to the motion here under consideration, the court reporter filed a narrative statement of facts, in duplicate, in the court below, on January 16. He did not deliver it to appellants, as directed by the court, or notify appellants or their counsel of the filing. Three days later, however, he did notify appellee's local counsel of the filing.

The record presented in connection with the motion to strike shows that appellee's local counsel at Edinburg, obtained possession of the duplicate statement of facts on Friday, January 19, that he examined it and on the following day forwarded it to his leading associate at San Antonio, who received it on Sunday morning; that the latter held it through Sunday and Monday without examining it; that he examined it Tuesday morning by 10 o'clock, and thereupon telephoned his associate at Edinburg, advising the latter that he could not agree to the statement of facts "as apparently contemplated from the form of agreement (to be signed by counsel) attached to" said duplicate, and asking local counsel "if he would not immediately see the judge of the trial court and so report to him and to object to such statement of facts because in narrative form and further because it did not completely set forth the evidence introduced in the trial of this cause, and further did not include the objections and exceptions to the ruling of the trial court in the admission and exclusion of testimony." In the meantime, on January 22, appellants' counsel advised appellee's local counsel that that was the last day for filing the statement of facts, and on the same day presented the original to the trial judge, who examined and approved it, and appellants' counsel thereupon forwarded it to the clerk of this court, who filed it herein on January 23.

It will be observed from the foregoing that appellee's counsel had all of Sunday and Monday in which to examine the statement of facts, but deferred the examination until Tuesday morning, when it was too late to object thereto, as the document was filed here on that morning. It will also be observed that appellee's objections to the statement of facts were, in effect, that it was in narrative form as distinguished from question and answer form; that it did not "completely set forth the evidence introduced in the trial of the cause," and, further, did not include the bills of exception taken during the trial concerning the admission and exclusion of evidence. Those objections are stressed in appellee's motion to strike, and will now be noticed.

■ It is first objected that the statement of facts is in narrative form, which appellee contends is not only not contemplated but is expressly prohibited by the statute (articles 2238 and 2239, as amended). As has already been shown, the objection is without merit, as the statutes expressly provide for narrative statements of facts in appeals in forma pauperis. Article 2278a.

It is true that another of our Courts of Civil Appeals has held, at least by efficient implication, that the pauper may require the court reporter to furnish him a free question and answer transcript, under the provisions of article 2278a. Dunn v. Allen (Tex. Civ. App.) 63 S.W.(2d) 857. We cannot concur in that holding, for under the specific and unequivocal provisions of that article the court reporter may be required, only, to "make a transcript in narrative form in duplicate" and deliver it to the party demanding it, free of cost. There is a vast difference between a question and answer transcript and a narrative statement of facts, both in the structure of the two documents, as well as in the work and expense of paper and materials exacted of the reporter in their preparation. It is a purely statutory exaction of the reporter, under which no more may be required of him than that prescribed, literally construed.

If the Legislature intended that the procedure prescribed in articles 2238 and 2239, as amended, should be available to paupers in prosecuting their appeals, then it is of no benefit to them, for they cannot enforce a demand for a question and answer transcript of the evidence, there being no statutory authority therefor; and the restricted narrative therein provided for may be obtained by them only upon the purely voluntary agreement of his adversary, who would usually withhold it, of course, and naturally so.

Appellee urges the objection that the statement of facts is an abridgment of the oral testimony, when measured by the question and answer transcript of the evidence, which was privately procured (and privately retained) by appellee from the reporter; that it is too brief. There is no contention that any specific evidence was omitted from the statement of facts, and the general objection that it is too brief is insufficient. Brevity is a commendable quality in a statement of facts, as in all other court papers.

Appellee objects to the statement of facts because it does not present the bills of exceptions given appellee concerning the admission and exclusion of testimony during the trial. That omission does not aid the motion to strike. The statutes invoked by appellee, articles 2237, 2238, and 2239, as amended, provide ample methods by which appellee could have preserved, segregated, prepared, and filed its bills of exception and incorporated them in the transcript of the record. Those bills were easily accessible to appellee in the question and answer transcript of the testimony in its desk, and appellee has no one to blame but itself if those bills are not before this court for review. Certainly, appellee cannot shift that responsibility and burden to appellants, who had been relegated by law to a narrative statement of facts, and had no access to the record of such bills.

Appellee makes the further objections, in its motion, that the statement of facts was not filed twice with the district clerk, first before and second after notice to the parties, as required in articles 2238 and 2239, as amended, relating to question and answer transcripts. Those requirements do not relate, or purport to relate, to narratives. It is true that in this case the statement was filed by the court reporter before approval by the judge, but that is deemed to be immaterial in view of the conceded fact that it was approved by the judge in the precise form and substance of its filing.

In its motion to strike appellee also complains of the form of the certificate of the court reporter attached to the statement. The certificate of the court reporter recites that "I was ordered by the Trial Judge to prepare a narrative statement of facts on a pauper's oath in this cause, as more fully set out in the caption and index hereof, and copy of all exhibits introduced in evidence, and I hereby certify that this is the statement of facts so prepared in accordance with the law and the order of said court." We think the certificate is complete as an authentication of the document. But were it insufficient, the trial judge's approval of the document would control, since the authenticity of a statement of facts must be finally tested by the judge's certificate and not by the court reporter's. The trial judge first approved the statement, generally, but afterwards, in apparent support of appellee's motion to strike, made a certificate in which he explained that when appellants' counsel presented the statement to him upon the representation that appellee's counsel would have nothing to do with the statement of facts in that form, and that that was "the last day for me to approve" same "I took the Statement of Facts and examined the same and found that it appeared to contain all of the exhibits and documentary evidence offered upon the trial and a very brief narrative statement of the parol testimony offered on the trial, which although extremely brief, was apparently correct. I accordingly approved the Statement of Facts as shown by my signature thereto."

We have reached the conclusion that this certificate, when considered with the facts herein recited, was sufficient authentication of the document as a sufficient and proper statement of facts within the contemplation of article 2266, as amended, and article 2278a, and that the motion to strike is without merit. Kelso v. Townsend, 13 Tex. 140; Inter-Ocean Cas. Co. v. Johnston (Tex. Civ. App.) 47 S.W.(2d) 696, and authorities there cited.

Our Legislature has always evinced the intention to secure to the pauper his inalienable right of appeal, notwithstanding his poverty. It is indeed a wise and just intention, but it has been rendered consistently ineffectual by inadequate provisions or procedure for its accomplishment. Each time the legislation has been tinkered with, the more confused and ineffectual it has become.

For example, in the revision of the statutes in 1925, a clear and unequivocal provision was embraced in article 2241, requiring court reporters to furnish free statement of facts to pauper litigants. But this article was repealed, apparently inadvertently but none the less certainly, by an act of the same session of the Legislature, without substituting any other like provision, thus leaving the pauper without any recourse to appeal, except upon fundamental error apparent from the transcript of the record. Leal v. Burger, supra. This hiatus was called to the attention of the Legislature by the then Governor, in a message dated May 14, 1929. In response to that message, article 2278a was enacted, it being

recited in the emergency clause that "there is now no law providing a way by which a pauper may obtain a statement of facts in order to take an appeal."

But by that time, if there had ever been any procedure available for agreement of parties, or approval by the judge, of statement of facts provided for paupers under article 2266, as amended, and article 2278a, such procedure had been swept away in the several revisions of articles 2238 and 2239, which the Legislature has thrice amended, at the regular session of the 40th (c. 44), and regular session, 42d Leg. (cc. 63, 135) and first called session of the 42d Legislature (c. 34), thus effectually putting that procedure beyond the reach of the pauper, as hereinafter shown.

It is true that at and prior to the enactment of article 2266, as amended, and article 2278a, a process was prescribed for agreement upon, and approval and filing of, statements of facts in narrative form in cases of appeal upon bond. Articles 2241a, 2241b. It seems apparent, however, that those articles were repealed by the subsequent amendments to articles 2238 and 2239, although one of our Courts of Civil Appeals has held to the contrary, inferentially if not directly. Root v. Root (Tex. Civ. App.) 60 S.W.(2d) 525.

It is certain that articles 2241a and 2241b were enacted as a part of a procedural structure which has since been torn away and replaced by a different structure into which the provisions of those articles do not fit, without accentuating its grotesqueness to the point of absurdity. For example, under those articles the parties and judge are allowed eighty days after perfection of the appeal in which to compose and file the statement of facts in the trial court; whereas, under article 1839, as amended by the Acts of 1931, and again by the Acts of 1933, the statement of facts must be agreed to, approved, and filed in the trial court within fifty days from the entry of judgment or overruling of motion for new trial, and filed in this court within sixty days from those events.

To say the least of it, articles 2241a and 2241b provide for the form and requisites of a statement of facts, and a method of authenticating it, and time for filing it, in direct contravention of the subsequent amendments to articles 2237, 2238, and 2239, which expressly repeal all statutes in conflict therewith.

The foregoing rambling observations are more the individual impressions of this writer, than conclusions of this court. They are not intended as necessarily decisive, but rather to emphasize some of the inequalities, inconsistencies, conflicts, incongruities of the legislative process of securing to the pauper litigant the full right of appeal, which has been too long denied him.

It is sufficient to say here, that the statement of facts filed by appellant is not in compliance with the provisions of articles 2238 and 2239, as amended, governing appeals on bond, since it is not in question and answer form or authenticated in the manner therein provided; nor is it an agreed statement restricted to the evidence relative to the questions sought to be reviewed on appeal, since it was not agreed to by appellee; nor is it sufficient under the apparently obsolete articles 2241a and 2241b, since the procedure therein prescribed was entirely ignored in its approval and filing. But we are of the opinion that the statement of facts was submitted to appellee in time to permit it to examine and make objections thereto before it was approved by the trial judge and filed here. In fact, appellee's counsel did examine it and did propound objections thereto, although those objections were not made in time to intercept the trial judge's approval. If those objections had been tenable or substantial, the questions raised here might be different and more difficult. But they were neither tenable nor substantial, and the loss of the opportunity to present them was immaterial. The delays and difficulties and possible irregularities accompanying the preparation, notice, and filing of the papers cannot be laid to the lack of effort on the part of counsel for appellant, who sought in every way to procure and present a proper statement of facts in this court, but who, in apparent desperation, and harassed by the dilatory course (he asserts) of the court reporter, hurriedly procured the approval of the trial judge and filed the document here.

We conclude that the statement of facts on file here substantially satisfies the law, and appellee's motion to strike will be overruled.

MURRAY, Justice (dissenting).

I am not in accord with the opinion herein delivered on March 28, 1934, and have decided to here express my contrary views.

The effect of the majority opinion, as I understand it, is to hold that where an appeal is perfected by an indigent person by making the affidavit provided for in article 2266, R. S. 1925, as amended by Acts 1931, 42d Leg., p. 226, c. 134 (Vernon's Ann. Civ. St. art. 2266), an entirely different method of

appeal is pursued from an appeal perfected by the giving of an appeal bond, as provided for in article 2265, and that such an appeal is not governed by the provisions of articles 2237, 2238, 2239, 2241a, and 2241b of Vernon's Annotated Civil Statutes.

It is my opinion that an appeal by cost bond and an appeal by affidavit of inability to pay or secure costs are governed by the same general provisions of the statutes, with the exception that an indigent person perfecting his appeal by affidavit is entitled to have the court reporter prepare and furnish to him a free statement of facts under the provisions of article 2278a, Vernon's Annotated Civil Statutes.

It further occurs to me that since the Legislature has by the Acts of 1931, 42d Leg., 1st Called Session, p. 75, c. 34, which enacts articles 2237, 2238, and 2239, Vernon's Annotated Civil Statutes in their present form, provided that the statement of facts must be in question and answer form and that, with exceptions not applicable here and not necessary to mention, no other form of statement of facts may be filed, and providing that this law shall be cumulative of the present laws and rules of procedure, except where they are in conflict with such present laws and rules, and where any such conflict exists all present laws and parts of laws so in conflict herewith are hereby expressly repealed, it would not be a strained construction to hold that the words "narrative form" appearing in article 2278a are repealed and that now such an indigent person is entitled to a question and answer form of statement of facts. As pointed out in the majority opinion, this is the apparent holding in Dunn v. Allen (Tex. Civ. App.) 63 S.W.(2d) 857. It also seems to be the attitude of the trial judge and appellants herein. The trial judge did not order the court reporter to make up a narrative form statement of facts, but a properly certified statement of facts, and, of course, this would mean a question and answer form under present laws. Appellants contend that they were entitled to a question and answer statement of facts, but the reporter did not furnish them what the court ordered.

Appellee points out that the statement of facts is defective in many respects, and it occurs to me that only the trial judge could determine the materiality of these objections.

It is stated in the majority opinion, and correctly so, that the statement of facts herein is not in compliance with the provisions of articles 2238 and 2239 in that it is in question and answer form and not authenticated

in the manner therein provided. Article 2239 provides that "failure to comply substantially with the provisions of this act in the preparation of such statement of facts shall be sufficient ground in the Appellate Court for striking out and not considering such statement of facts." To consider this statement of facts is to nullify the provisions of articles 2238 and 2239, supra.

This statement of facts was never filed in the trial court after it was approved by the trial judge. Article 2238 requires, among other things, that the court reporter file with the clerk of the trial court a transcript of his notes and this article further provides, "it shall be made the duty of the court, if the transcript be found to be correct, to approve the same. * * * If said transcript is thus approved and signed by the judge, the same shall be filed among the papers of said cause and become a record therein, but not to be recorded." It is clear from the above provisions that it is the filing of the statement of facts after its approval by the trial judge that makes it a part of the record in the case, and until it has been so filed it should not be considered in the appellate court. First, etc., Bank v. Bland (Tex. Civ. App.) 291 S. W. 650; Ziegler v. Hunt (Tex. Com. App.) 280 S. W. 546; Magee v. Magee (Tex. Civ. App.) 272 S. W. 252; Barrera v. Hart McCormick (Tex. Civ. App.) 63 S.W.(2d) 1084; 3 Tex. Jur. p. 633, § 445; Evans v. Galbraith-Foxworth Lumber Co. (Tex. Civ. App.) 43 S. W.(2d) 481.

In the recent case of Firquin v. Money, 67 S.W.(2d) 892, the Waco Court of Civil Appeals held that a statement of facts could be considered by the appellate court though not filed in the trial court. This opinion is based upon an answer to a certified question found in Gerneth v. Galbraith-Foxworth Lumber Co., 117 Tex. 205, 300 S. W. 17, and that answer is based upon the provisions of article 2245, R. S. 1925. It is clear that article 2245 was repealed by the Acts of 1931, 42d Leg. p. 100, c. 66; Acts 1933, 43d Leg. p. 142, c. 67 (Vernon's Ann. Civ. St. art. 1839), which act enacts article 1839, R. S. of Texas, in its present form. Hamilton Motor Co. v. Muckleroy (Tex. Civ. App.) 46 S.W.(2d) 451, dissenting opinion by Justice Jones approved by Supreme Court in Hunter v. Moore, 62 S. W.(2d) 97. Therefore, I do not think this decision by the Waco court should be followed. Article 2246, as amended by the Acts of 1931, 42d Leg. p. 100, c. 67 (Vernon's Ann. Civ. St. art. 2246), provides that the statement of facts must be filed in the trial court within

fifty days after final judgment or order over-ruling motion for new trial, and that this time may be extended by the trial judge for good cause shown, but such time may not be extended beyond the time for filing the transcript in the Court of Civil Appeals. This statute is the only limitation on the filing of the statement of facts either in the trial court or the Court of Civil Appeals. For this reason it seems important that this limitation should be enforced.

There is another recent case, Garrison v. Great Southern Life Ins. Co. (Tex. Civ. App.) 69 S.W.(2d) 218, in which the Dallas court refused to strike a statement of facts approved without notice to appellee. It is acknowledged in that case that it is in conflict with two opinions of this court and one by the El Paso court, to wit, Corbett v. Raymondville Independent School Dist. (Tex. Civ. App.) 52 S.W.(2d) 1116; Sanders Nursery Co. v. J. C. Engelman (Tex. Civ. App.) 59 S.W. (2d) 954; Big Spring Mutual Aid Ass'n v. Moore (Tex. Civ. App.) 62 S.W.(2d) 387.

The Dallas case also held that a statement of facts may be withdrawn and amended. There are many decisions to the contrary. Norwood v. McMillan (Tex. Civ. App.) 278 S. W. 331; Trinity & S. Ry. Co. v. Lane, 79 Tex. 643, 15 S. W. 477, 16 S. W. 18; Williams v. Young, 41 Tex. Civ. App. 212, 90 S. W. 940; Speer v. Louisiana & Tex. Lumber Co. (Tex. Civ. App.) 90 S. W. 943; Atascosa County v. Alderman (Tex. Civ. App.) 91 S. W. 846; Barcus v. J. I. Case T. M. Co. (Tex. Civ. App.) 197 S. W. 478; First Baptist Church v. City of Ft. Worth (Tex. Civ. App.) 17 S.W.(2d) 130, affirmed by Com. App. 26 S.W.(2d) 196.

It was said by Justice Smith of this court in the Corbett Case above cited that: "In short, the record conclusively shows that the transcript of the evidence was filed in the trial court and subsequently in this court without giving appellees any notice or opportunity to inspect or agree to the same, as provided by statute. In such case this court has no· alternative but to disregard that transcript and strike it from the record." This case was followed in the Sanders Nursery Company Case and again by the El Paso court in the Big Spring Mutual Aid Ass'n Case, and I see no reason now for departing from this rule.

In my opinion appellants' proper remedy in the present case was to apply for a further extension of time and get the statement of facts in proper form before presenting it here, and their failure to do so constitutes negligence and they would not have been in a position to have complained if this court had seen fit to strike out and not considered the statement of facts.

For the reasons above stated, I respectfully dissent from the majority opinion.