SANDERS NURSERY CO., INCORPORATED, v. J. C. ENGELMAN, INCORPORATED.

No. 6708. Decided July 22, 1936.
Rehearing overruled October 14, 1936.
(96 S. W., 2d Series, 68.)

*Greenwood & Lewis,* of Harlingen, Texas, for plaintiff in error.

The statement of facts having been properly prepared by the official court reporter; filed in the trial court some two months before being filed in the Court of Civil Appeals; approved by the trial judge as a full, complete and true statement of facts, and there being no contention or suggestion that said statement of facts was erroneous or in any way injured the defendant in error, it was error for the Court of Civil Appeals to strike out or refuse to consider the same; or to hold that it was the duty of the plaintiff in error to serve formal notice upon the defendant in error of such filing; or that defendant in error must agree to said statement of facts; or to refuse to extend the time in order that plaintiff in error might serve such formal notice. Halifax Fire Ins. Co. v. Columbian Natl. Fire Underwriters, 63 S. W. (2d) 750; Inter-Ocean Casualty Co. v. Johnston, 47 S. W. (2d) 696.

*Sawnie B.* and *Kennedy Smith,* of Edinburg, for defendant in error.

It was the duty of plaintiff in error to either give or see that notice of the filing of the statement of facts by the official court reporter was given to the defendant in error before the same became a record in the case. Big Spring Mut. Aid. Assn. v. Moore, 62 S. W. (2d) 387; Galveston, H. & H. Ry. Co. v. Sloman, 234 S. W., 602; Blackburn v. Blackburn, 42 S. W., 132.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

In this case the Court of Civil Appeals at San Antonio struck out the statement of facts on motion of defendant in error. 59 S. W. (2d) 954. The ground upon which the court based its action was that no notice of the filing of the statement of facts in the district court was given to defendant in error or its attorneys before approval of same by the district judge. As disclosed by preceding and succeeding opinions of that Honorable Court it is committed to the proposition that the notice required by Article 2238, Revised Civil Statutes, 1925,

as amended by the Act of 1931, 42nd Legislature, First Called Session, page 75, chapter 34, section 2, must be given by the party appealing the case and who has requested the preparation of the statement of facts by the official stenographer; and that the failure of the party to give such notice to the opposing party is ground for striking out the statement of facts in the Court of Civil Appeals, although same be approved by the trial court. See Corbett v. Raymondville Independent School District, 52 S. W. (2d) 1116, and Rincon Investment Company v. White, 83 S. W. (2d) 1091.

The statute in question provides as follows:

"When any party to any suit reported by any such reporter shall desire a transcript of the reporter's notes of the evidence in said suit, said party may apply for the same and such stenographer shall thereupon file an original and duplicate copy thereof in question and answer form among the papers in said cause, and it shall be made the duty of the court, if the transcript be found to be correct, to approve the same; provided, however, before approving same, notice of the filing shall be given to the interested parties, who may make objections thereto, and any objections, if found to be material and well-founded, shall be allowed. If said transcript is thus approved and signed by the judge, the same shall be filed among the papers of said cause and become a record therein, but not to be recorded."

By the very clearest implication this Act requires the trial court, acting through the clerk of the court, to give notice of the filing of the transcript of evidence by the reporter to all parties. The language of the statute is that "notice of the filing shall be given to the interested *parties*." This clearly negatives the idea that it shall be given by the appealing party to the opposing party. As the transcript of evidence is to be filed by the official court reporter, the appealing party clearly has a right to make objections thereto the same as the opposing party. The law makes it the duty of the court to approve the statement of facts, but requires him to withhold his approval until all the interested parties have an opportunity to make objections. It necessarily follows, we think, that the duty to approve carries with it the further duty to give notice to the interested parties of the filing.

Aside from the clear import of the language of the statute itself, we think there are practical reasons why the notice should be given by the court. In discussing the character of

notice to be given the Court of Civil Appeals in the case of Rincon Investment Company v. White, supra, said: "As a matter of good practice, at least, it should be given in such manner as to preclude any question of fact of timely notice." We approve this statement, and add that we know of no better way to accomplish this than to have the notice given by the clerk in such form that a record thereof may be preserved. We think it appropriate to add further that the certificate of the judge in approving the statement should recite the fact that after the filing of the transcript of evidence by the court reporter due notice was given to the interested parties, and they were afforded opportunity to make objections, and that such objections had been allowed or disallowed, and the statement approved by the court. In the event a situation should arise (such as appears to have existed in the case of Garrison v. Great Southern Life Insurance Company, 69 S. W. (2d) 218, making it impossible to give notice and allow a reasonable time for making objection, the certificate of the trial judge in approving the statement should show this fact.

In the present case it appears the statement of facts was timely filed by the official court reporter in the trial court. The attorney for plaintiff in error relied upon the clerk calling the matter to the attention of the trial judge. He neglected to do so and no notice was given to opposing counsel. The statement of facts filed in the Court of Civil Appeals was certified to by the official court reporter and approved by the judge presiding as a true and correct statement of all material facts. The motion filed by defendant in error in the Court of Civil Appeals to strike the statement did not show that the same was not correct, or that any material objection would have been made thereto if notice had been given. The gist of the motion was that no notice had been given as provided by the statute.

We are of the opinion that the Court of Civil Appeals erred in striking out the statement of facts. In our judgment the decision of the Court of Civil Appeals at Dallas in the case of Garrison v. Great Southern Life Insurance Company, 69 S. W. (2d) 218, is in accord with reason and correctly construes the statute.

As is clear from the opinion of the Court of Civil Appeals (66 S. W. (2d) 509), that court disposed of material questions of fact on the basis that there was no statement of fact. For this reason we are of the opinion that the case should be remanded to that court for further consideration. Shaeffer v. Smyth, 37 S. W. (2d) 1012.

Reversed and remanded to the Court of Civil Appeals.
Opinion adopted by the Supreme Court July 22, 1936.
Rehearing overruled October 14, 1936.