**SPARKS v. CHANDLER.**

No. 4504.

Court of Civil Appeals of Texas. El Paso.

March 20, 1947.

Howell Ward and Margaret B. Brown, both of Corpus Christi (Ward & Brown, of Corpus Christi, of counsel), for appellant.

Sidney P. Chandler, in pro. per.

SUTTON, Justice.

This is an appeal from the 94th District Court of Nueces County. The plaintiff, Sidney P. Chandler, sought and obtained a judgment in a trial to the Court for the specific performance of a claimed contract to sell and convey certain city property situated in the City of Corpus Christi and fully described in the petition and in the judgment. From that judgment the defendant has appealed.

Plaintiff has a motion to dismiss the appeal, and in the alternative to strike the statement of facts, or to allow him time in which to prepare a brief. The motion was passed to be disposed of with the case. Ample time has been had for the preparation and filing of the briefs and time allowed for the filing of supplemental briefs.

The grounds upon which a dismissal, or the striking of the statement of facts, is sought, are that the defendant did not mail or deliver to the plaintiff, nor file with the clerk of the trial court a designation in writing, under Section (c) Rule 377, Texas Rules Civil Procedure, of the portions of the testimony, either in narrative or question and answer form, desired to be brought up. And further, that the statement of facts prepared and on file in this case was never presented to the plaintiff for examination and approval or rejection, or other proper action thereon, but was presented to the trial court and an approval secured thereof on the belief on the part of the Court Rule 377 had been complied with.

It is apparent from the statement of facts on file herein that it was the purpose of the appellant to bring up a full and complete statement of the facts and not an abbreviated one. In that situation it was not necessary to take the steps provided for in Section (c) of the Rule. Section (d) contemplates, we think, that the statement of facts when prepared will be submitted to the opposing party for action thereon, but there is no provision that does in anywise condemn one prepared, certified and approved as a full and complete and true statement of the facts adduced on the trial. It is true the statement of facts is not signed by plaintiff and there is nothing to indicate it was ever submitted to the plaintiff except the statements contained in the certificates, but it is certified to by the Court Reporter as being a "full, true and correct transcript in question and answer form of my shorthand notes made of the testimony in the trial" of the case. The trial court signed a certificate (apparently prepared by the Reporter) wherein it is recited the record was prepared by the Reporter; made available to the parties for examination and objections; that no objections had been made, and that the same was approved as the statement of facts in the case.

■ As we understand plaintiff his contention is the statement of facts is only incomplete in that there is omitted from the initial letter relied upon by him a part of one sentence indicated as follows: "In other words I am making you a give and take proposition, subject, of course, to your title being a merchantable title (or my title being the same, a merchantable title) if you and your son buy me out." The words in parenthesis were omitted. They are immaterial. And the further objection that exhibit 11 is omitted. That is a letter offered for the purpose only, as stated when offered, to show an admission on the part of the defendant of the existence of a contract and that she knew the property under consideration. Plaintiff there stated he was aware the contract was already in existence before that letter was written. It is our conclusion no injury has been done and that all the facts necessary for the proper disposition of the questions presented on the appeal are here, and notwithstanding there may have been some irregularity in the procedure to secure the approval of the statement of facts, Rule 377 has been sufficiently complied with and its purposes met. Plaintiff had and still has the right to make the statement of facts complete, if he desires to do so, under the provisions of Rule 428. Aside from what has just been said, the Statement of Facts and transcript were filed in the San Antonio Court of Civil Appeals on the 17th day of September, 1946, and the Motion made by plaintiff was filed in this court on the 25th day of November, 1946. In such circumstances it was held in Leoney v. Wing, Tex. Civ.App., 195 S.W.2d 557, under the provisions of Rule 404, Texas Rules Civil Procedure the objections were waived. For all the reasons indicated the motion is overruled.

■ The defendant has briefed five points of error but we deem it unnecessary to discuss any but the first since we regard it as decisive of the case. It is the trial court erred in its finding and judgment there was a valid contract between the parties for the sale and purchase of the real property in controversy. The contract sought to be enforced is contained in correspondence initiated on January 31, 1946, when the plaintiff wrote the defendant, sending a carbon copy of the letter to her son at Alice, Texas. In that letter he submitted a give or take proposition to sell his interest to her or to her son, or to buy de-

fendant's interest in "our lot" for a cash consideration of $6,000.00 net, subject to merchantable title. These are the sole stipulated or expressed terms. The record discloses the parties became joint owners of the lot in question through litigation concerning it in which plaintiff represented defendant as her attorney.

To the initial letter of January 31st, defendant's son replied on February 14, 1946, as follows:

"Thank you for the carbon copy of your letter dated January 31, 1946, addressed to my Mother, regarding the real estate in Corpus Christi.

"I regret the delay in answering your letter, but I have been in bed with a severe cold all this week and am still not fully recovered.

"I am writing my Mother regarding this letter today and shall attempt to give you an answer within the next week or ten days."

On the following day, February 15, 1946, plaintiff replied as follows to the letter of the 14th:

"I have your letter of February 14, 1946, in reply to my letter to your mother of January 31, 1946.

"First, I shall appreciate your mother writing me, rather than you, for she is the one who has the title to the lot, unless she has conveyed it away recently, or if anyone has title to it with me. If she wants to take up my proposition she should so write me herself.

"Second, I will not accept a 'special warranty deed' for I have never seen fit to accept such in the past for myself or any client of mine. Such a deed is a warning to the world that the maker has doubt as to his or her title and the guaranty title certificate is not usually issued by any title company with such a deed in the chain of title. I will want a deed from your mother, direct, in the usual warranty deed form. I will draw the instruments to be executed by her and by you and your wife.

"As to the time of closing, it will be about 30 days after the new city officials have taken office, and, only then if Congress has passed the law releasing any claim to the submerged lands of Corpus Christi Bay. You know that there has been a recent claim that the United States owns all of the shore water lands on the entire coast, including Texas, and Congress is now considering an act to release the claim. When that act is passed and becomes a law the deal can be closed, if such comes to pass within 30 days after the new officers take office as the City Council for Corpus Christi.

"I hope this is clear to you. I will not expect your mother to accept title from me were she buying from me until the mentioned matters had been cleared up to the extent herein indicated."

On February 20, 1946, defendant wrote plaintiff wherein she said his letter (of January 31st) had reached her on February 1, 1946, and that "Saturday Feby. 2, 1946 I received a letter from him (her son) advising your offer be accepted. Sunday Feby 3, 1946, I had a severe heart attack—but sent him a note saying to sell—telling him I was too ill to write."

The foregoing is the correspondence pleaded and relied upon by plaintiff as constituting a contract between the parties for the sale and purchase of the property. We regard it as insufficient. It is reasonably apparent, we think, the parties each at the time the letters were written regarded the initial letter as merely proposing a net cash price, leaving other terms to future negotiations, and that they did not regard the letter of February 14th an unconditional acceptance. Plaintiff obviously did not consider the first letter as a submission of a complete offer in all details. For example, with respect to closing time he didn't leave it to the law to supply a reasonable time but he explained in his reply of February 15th when he expected to close the deal, whether it corresponded to a reasonable time or not. There was likewise involved and explained what he had in mind as meant by merchantable title as applied to a water front lot. We cannot say these same things were not in the minds of the Sparks for the special warranty deeds and closing time were mentioned. That further negotiations were contemplated and the letter of February 14th was not intended as an unconditional acceptance is indi-

cated by the language contained in the last paragraph of the letter wherein it was requested that all negotiations be carried on thereafter through the son as far as was practicable.

Plaintiff argues the first sentence and paragraph of the letter of February 14th is an unconditional acceptance of his offer of January 31st, and the contract was then and there complete and all that follows is a mere request and not a condition. What he did and wrote then is a little inconsistent with that position. He was unwilling to accept it then as an authorized and unconditional acceptance. Prudence required that plaintiff not take the chance on the authority of the son. He might have sought a showing of authority but that he did not do, but required that the owner accept and along with it set out his construction of other terms and conditions involved in the transaction, which were never accepted.

In support of his argument and position plaintiff cites the case of Schawe et al. v. Giles et al., Tex.Civ.App., 55 S.W.2d 588, error refused. It is our opinion the case does not support him. It merely reiterates the proposition that when a series of letters are relied upon as constituting a contract the series must be looked to and construed together as a whole and when so construed it must appear the minds of the parties met upon all the essentials of the contract, as is said in the very respectable authorities there cited and numerous other subsequent cases. It is our conclusion the correspondence taken as a whole demonstrates the minds of the parties did not meet. In the case cited above, as said in the opinion, it is perfectly obvious the minds of the parties had met upon all the terms of the contract and the property was to be conveyed in one deed, etc., and that was the contract whether agreeable or not to break it up as suggested. That is not the situation in the instant case. There is no indication defendant was willing to convey by general warranty if the special warranty was not agreeable. Under the circumstances of the case it was not unreasonable that defendant should expect a special warranty to be acceptable.

The judgment of the trial court, in accordance with the conclusions here reached, is reversed and judgment here rendered that plaintiff take nothing.

Chief Justice PRICE and Associate Justice McGILL are of opinion that Appellee's motion to dismiss the appeal or in the alternative to strike the statement of facts is governed by the case of Looney v. Wing, Tex.Civ.App., 195 S.W.2d 557.