George H. SEELE, Jr., Appellant,

v.

Connie Mack SEELE, Appellee.

No. 14128.

Court of Civil Appeals of Texas.
San Antonio.
Sept. 18, 1963.

Rehearing Denied Oct. 16, 1963.

Louis E. Marshall, Geo. H. Seele, San Antonio, for appellant.

Raymond H. Williams, Green, Green & Wiley, San Antonio, for appellee.

MURRAY, Chief Justice.

This is an appeal from a contest of the will of George H. Seele, deceased. The will was dated September 11, 1926, and probated some thirty-five years later on March 16, 1961, the testator having died on October 8, 1960. The proponent and sole beneficiary of said will is Connie Mack Seele, the surviving wife. The contest was brought in the County Court of Bexar County by George H. Seele, Jr., son of the testator by a former marriage, and there was an appeal perfected by contestant to the district court. Upon a jury verdict favorable to proponent, judgment was entered in the district court admitting the will to probate, from which judgment contestant brings this appeal.

Appellant duly and timely filed an affidavit under the provisions of Rule 355, T.R.C.P., showing that he was unable to pay the costs of appeal or any part thereof, or to give security therefor. This affidavit was contested by the court reporter and the appellee, Connie Mack Seele. The trial court, after notice and hearing, sustained appellant's affidavit and allowed the appeal without cost bond, and ordered the court reporter to prepare a free statement of facts in "narrative" form, as is provided for by Rule 380, T.R.C.P.

■■ Appellant's first complaint is that he did not receive a statement of facts in question and answer form, showing his informal bills of exception to the rulings of the court which were against him. We overrule this complaint, because under the statutes and court rules an indigent person appearing under the provisions of Rule 355, in forma pauperis, is only entitled to a "narrative" statement of facts. Ackerson v. Farm & Home Savings & Loan Ass'n of Missouri, Tex.Civ.App., 71 S.W.2d 381.

That opinion was written under the provisions of Articles 2261 and 2278a, Vernon's Ann.Civ.Stats., but as those provisions were brought forward by Rules 355 and 380, T.R. C.P., it is now applicable to these rules. The Supreme Court, when it promulgated and put into effect the so-called new rules of civil procedure in 1941, in effect adopted this construction which had been placed upon the provisions of the statutes, and therefore it is quite plain that the Supreme Court intended that a person appealing in forma pauperis would only be entitled to a "narrative" statement of facts, and that he would not be entitled to a Q and A statement of facts containing all of the exceptions and informal bills of exception to the ruling of the court. It was undoubtedly intended that he should present all such matters by filing formal bills of exceptions timely presented to and approved by the trial judge. Rule 372, Texas Rules of Civil Procedure; 4 Tex.Jur.2d p. 39, §§ 506 and 507.

■■ The statement of facts filed herein, approved by the trial court, is in "narrative" form and does not show any of appellant's informal bills of exception. Appellant filed four bills of exception, numbered 3, 4, 5 and 6, which the record shows were not approved by the trial court, and therefore can not be considered by us here. These bills of exception were not presented to the trial judge until February 8, 1963. The trial court overruled appellant's motion for a new trial on September 7, 1962, and gave appellant fifty days within which to present bills of exception. This is the same time as is allowed by Rule 381, T.R. C.P., and it expired on October 27, 1962. The bills of exception were not presented to the trial court until February 8, 1963, which was some ninety-six days after appellant's time for filing them had expired. No motion for an enlargement of time, under the provisions of Rule 381, T.R.C.P., for such filing, was timely made in the trial court, and the court properly refused to approve these bills of exception which were presented after the time for filing had ex-

pired. 4 Tex.Jur.2d, p. 56, § 526; Rule 381, supra.

◼ Appellant next complains because the trial court excluded records of the San Antonio State Hospital, in which deceased was a patient, together with certain other instruments relating to his confinement in such hospital. The ruling of the court on these matters and the contents of the instruments offered is not shown by any bills of exception approved by the trial court, and for this reason can not be considered by us. 4 Tex.Jur.2d, p. 39, §§ 506 and 507.

◼ Appellant next complains that the court erred in admitting the will to probate because the proponent of the will did not discharge the burden of proof resting upon her to show compliance with the statutory requirements of a valid will, and further contends that the trial court should have granted his motion for an instructed verdict. We overrule this contention. The fact that appellant offered evidence contradicting that of appellee did not authorize an instructed verdict in his favor. The evidence was sufficient to show that the testator was of sound mind at the time he executed the will and was in every way qualified to make a will. It further showed that the testator executed the will with all the formalities and solemnities, and under all of the circumstances required by law to make it a valid will, and that the will was entitled to be probated under the provisions of the Texas Probate Code, §§ 59 and 88.

◼ Appellant next complains because the witness Mrs. Zena Stanley was not permitted to testify. This point is not properly raised because there is not a bill of exception to support the complaint made by appellant. 4 Tex.Jur.2d, p. 70, §§ 506 and 607.

We have examined appellant's other points and they are without merit, and are accordingly overruled.

The judgment is affirmed.