**BOSCO BOLT, NUT, SCREW CO., Appellant,**

v.

**MERCER CONSTRUCTION CO., Inc.,
Appellee.**

No. 262.

Court of Civil Appeals of Texas.

Corpus Christi.

Feb. 23, 1967.

Rehearing Denied March 9, 1967.

Richard S. Geiger of Spafford, Freedman, Hamlin, Gay & Whitham, Dallas, for appellant.

William H. Hamblen, Edna, for appellee.

## OPINION

SHARPE, Justice.

This appeal is from a take-nothing judgment rendered after jury trial in favor of appellee Mercer Construction Company, Inc., defendant below, against appellant Bosco Bolt, Nut, Screw Co., also a corporaion, plaintiff below.

Appellant sued appellee upon a sworn account for $1,727.16 representing the balance allegedly due upon the purchase price of several items of merchandise including 16,-000 twelve-inch galvanized spikes, and for attorney's fees.

Appellee filed a sworn answer alleging in effect that appellant's account was not just or true in part because "Defendant never agreed to pay to Plaintiff $21.00 per 100 units of 12 inch spikes but did agree to pay $21.00 per 100 lbs. for said spikes which amount in the sum of $1569.12 has been paid to Plaintiff and that Plaintiff's account is thus overstated by $1727.16 and of this Defendant prays judgment that Plaintiff take nothing. * * *" Defendant also plead that it "has fully paid to Plaintiff all sums due Plaintiff which it owed for spikes bought from Plaintiff. * * *"

In answer to two special issues the jury found in substance that (1) one J. B. Reber was acting as apparent agent of plaintiff in transmitting defendant's order to plaintiff, and (2) defendant "did not agree to pay Plaintiff Bosco Bolt, Nut, Screw Company $21.00 per 100 unit for the 12 inch spikes in question." Judgment was rendered on the verdict that appellant take nothing by its suit.

Appellant asserts four points of error which in substance contend that the trial court should have granted its motion for directed verdict; that there was no evidence to support the jury findings on special issues 1 and 2; and that the finding on special issue 1 was not supported by pleadings or evidence and was immaterial.

The two issues submitted to the jury related to appellee's defense. Appellant's contention that it was entitled to directed verdict and judgment as a matter of law must necessarily depend upon all of the facts essential to its cause of action having been conclusively established in its favor. In passing upon such contention we follow the rule that the evidence supporting appellee's position must be accepted as true and all conflicts and inconsistencies must be resolved in appellee's favor. Adams v. Slattery, 156 Tex. 433, 295 S.W.2d 859, 865 (Tex.1956).

The evidence shows that the materials involved in the account were for use on a fishing pier project at Port Lavaca, Texas. They were originally ordered by appellee from Channel Contractors Supply Company of Pasadena, Texas, owned by Mr. J. B. Reber. This transaction was evidenced by Reber's letter of January 17, 1964, accepted by appellee on January 22, 1964. On January 31, 1964 appellant wrote appellee stating that Reber had requested appellant to handle the order, and setting out a list of the items and prices as was contained in the original Reber letter. Appellee accepted appellant's proposal by written endorsement of its letter on February 4, 1964. The description of the spikes in both letters was "16,000 12″ Galv. Spikes $21.00 Per C".

On the trial of the case three witnesses testified and seven exhibits were received in evidence. Appellant's only witness was Mr. A. L. J. McKesca, its accounting supervisor, who identified appellant's Exhibits 1, 2, 3, and 4. Appellee's witnesses were J. B. Reber and W. H. Mercer, its president.

Mr. McKesca did not have any personal knowledge of the transaction but identified records in his custody kept in the usual

course of business. These records were appellant's letter of January 31, 1964 (P. Ex. 1); an invoice of appellant No. 71965 dated February 25, 1964 stamped "back order" and containing three items, the first of which reads as follows:

| Description | Quantity Ordered | Back Ordered | Quantity Shipped | Unit | Net Price | Extension |
|---|---|---|---|---|---|---|
| 3/8 x 12" HotDipGalvSpikes | 16000 | 0 | 15568 | C | 2100 | 3,269.28 |

the total of items being $3,361.87 (P.Ex. 2); a statement of appellant showing appellee's account from February 4, 1964 to July 6, 1964, showing among other things credits of $2,401.17 on April 13, 1964 and $1,911.75 on July 6, 1964, and a balance owing of $1,727.16 (P.Ex. 3); and a letter on appellee's letterhead dated May 22, 1964, signed for appellee by Mrs. W. H. Mercer (P.Ex. 4). McKesca also testified that the term "Per C" means per hundred pieces and the term "Per CWT" means per hundred weight; that whether the cost of 12 inch galvanized spikes priced at $21.00 "Per C" would be different from their price at "CW T" would depend on the weight of the item; that he could not answer as to how much a 12 inch galvanized spike would weigh. Mc-Kesca further testified that the original transaction was with Channel Contractors of which Mr. Reber is president; that Mr. Dub Reagan was a telephone or outside salesman for appellant at the Houston Branch; that at the time of the negotiations in question Mr. Reagan was empowered to conduct same subject to approval of the branch manager.

Mr. J. B. Reber, appellee's witness, testified in substance that in January 1964 he was the owner of Channel Contractors Supply Co., and he secured the original order from appellee and was paid a commission or percentage on the order by appellant. Reber sent letters to bidders on the fishing pier job at Port Lavaca and ascertained that appellee was the low bidder. He identified an instrument (D.Ex. 1) on appellant's stationery which he said was written by Mr. Reagan, appellant's salesman, which contained quotations. Reber quoted all contractor-bidders the same price. One of the quotations on D.Ex. 1 was as follows: "12" Galv. Spike 425 spikes per keg 200# per keg CWT 28.00 30.80" Reber's letter of January 17, 1964 originally contained a quotation as follows: "16,000-12" spikes—Galv. per c $25.20" but the typewritten figure of $25.20 was lined through and the figure of "21.00" written beside it along with the initials "WHM". Reber further testified that while he was talking on the telephone to Mr. Mercer about the order Mr. Dub Reagan was in his office and stated that appellant would match the price anybody else would give appellee.

Mr. W. H. Mercer, president of appellee corporation, testified, among other things in substance that the spike specified for the job undertaken by his company on the fishing pier job each weighed 7¾ ounces per spike and there would be 212 spikes per hundred pounds; that the spike actually furnished by appellant weighed 5¾ ounces, or approximately 25% less in weight than the spike specified; that he didn't get the higher priced spike which weighed more; that the spikes specified were square but he did not receive square ones. Mercer identified two spikes, one of which was used and the other not used on the job.

On June 25, 1964, Mercer wrote a letter to appellant enclosing check for $1,-911.75 covering cost of spikes to the extent of $1,569.12, and stating this figure was a corrected one on the basis of .48 pounds per inch; and further stating that the item had been brought to appellant's attention in the past and nothing had been done to correct same. Mercer testified that he had

talked to an executive of Bosco in Dallas, after first contacting Reber who said the matter was out of his hands, about the alleged overcharge, but no adjustment was made. Appellant's letter of January 31, 1964, accepted by appellee on February 4, 1964, established that appellee agreed to purchase among other items the following: "16,000 12″ Galv. Spikes $21.00 Per C". However, such written evidence does not describe the spikes as to shape or weight. The description of the 12 inch spikes which were the subject matter of the sale and purchase was incomplete, uncertain in meaning and therefore ambiguous. Parol evidence was admissible to establish the complete agreement and to remedy the ambiguity. Appellant's witness McKesca was permitted to explain the meaning of the terms "Per C" and "Per CWT". However, the testimony of W. H. Mercer squarely raised the issue as to whether appellee ordered spikes which weighed 7¾ ounces each. Appellant made no effort to show delivery of a 12 inch spike of a particular shape or weight and did not attempt to rebut Mercer's testimony that he ordered 7¾ ounce spikes and received 5¾ ounce spikes. In this situation appellant was not entitled to a directed verdict. The burden was on appellant to establish what was purchased by appellee and that it was delivered. See Texan Man's Shop, Inc. v. Nunn-Bush Shoe Company, 401 S.W.2d 716 (Tex.Civ.App., Corpus Christi, 1966, n. w. h.). Even if it be assumed that appellee agreed to pay $21.-00 per hundred units, the evidence does not conclusively establish that a complete description of a 12 inch spike was agreed to by the parties in writing; nor that appellant delivered spikes which satisfied an agreement, which partly depended upon parol evidence. Appellant, therefore, did not establish its right to recover a definite amount as a matter of law, and did not secure jury findings establishing such right to recovery.

 In connection with appellant's "no-evidence" contentions we consider only the evidence and the inferences tending to support the findings and disregard all evidence and inferences to the contrary. Garza v. Alviar, 395 S.W.2d 821 (Tex.Sup. 1965). The jury finding on Special Issue No. 2, that appellee did not agree to pay appellant $21.00 per hundred unit for the 12 inch spikes in question could have been based upon the premise that appellee did not originally agree to purchase 12 inch spikes weighing 5¾ ounces, which Mr. Mercer said was the item actually furnished by appellant, although appellee may have agreed originally to pay $21.00 per hundred unit of 12 inch square spikes which weighed 7¾ ounces each. The finding on special issue 2 prevents recovery by appellant on the basis relied on by it.

Finding no error, the judgment of the trial court is affirmed.