**In the Matter of Richard Flores GARCIA, a Delinquent Child, Appellant.**

No. 6016.

Court of Civil Appeals of Texas.

El Paso.

June 18, 1969.

Rehearing Denied July 30, 1969.

Warren Burnett, Bob Hoblit and Richard J. Clarkson, Odessa, for appellant.

Bill McCoy, County Atty. and Phillip Godwin, Asst. County Atty., Odessa, for appellee.

## OPINION

WARD, Justice.

This is an appeal from the County Court at Law of Ector County, Texas, sitting as a Juvenile Court, adjudging the appellant, Richard Flores Garcia, a delinquent child and committing him to the Texas Youth Council, Gatesville State School for Boys. Appellant, age 14, was arrested by Detective Balog, of the Odessa Police Department, on July 23, 1968 at 10:00 A.M. at his home. The mother of appellant was present at the time and the detective identified himself and advised the mother that her son had been accused of an assault on a girl, and that the juvenile officer wanted to question her son. A consent and waiver form was signed by the mother and the appellant was then taken to the City Police Department where he was warned and questioned by the detective. A statement was obtained from the appellant. When the detective completed some additional matters with another juvenile involved in the same offense, the appellant was placed in the Juvenile Detention facilities. The total lapse of time from the appellant's arrest at home until he was transferred to the detention facilities was approximately three hours. A detention hearing was held the following day, on July 24th, in the Ector County Juvenile Court, at which time the appellant had his own able and respected attorneys. A delinquency petition was filed the same day alleging statutory rape. A jury being demanded, the case proceeded to trial before a jury on August 6, 1968. Upon motions being made that the State's burden of proof be beyond a reasonable doubt, rather than a preponderance of the evidence, the court sustained the motion and so charged the jury. Again upon motion, a bifurcated trial before the jury was granted to appellant, first to determine delinquency and then to determine the possible placement. Under proper instructions, the jury determined the appellant to be a delinquent child, and that for the best interest and welfare of the child and the community in which he resided, he be committed to the Texas Youth Council, Gatesville State School for Boys. Based on the jury's findings, the appellant was found to be a delinquent child, and upon the verdict of the jury and the decision of the court, the appellant was committed to the Texas Youth Council for confinement in the Gatesville State School for Boys, Gatesville, Texas, for an indeterminate period of time not extending beyond the time he reaches the age of twenty-one.

At the conclusion of the trial, notice of appeal was given and leave granted by the trial court for the appellant to appeal in forma pauperis. The appellant requested a Statement of Facts limited to certain portions of testimony.

Appellant's first complaint is that he, as a pauper, was not granted a complete and verbatim Statement of Facts of the trial proceedings. In connection with such appeal, an affidavit of inability to pay costs was filed in compliance with Rule 355, which, as heretofore referred to, was granted. Attorneys for appellant requested the court reporter that the following Statement of Facts be transcribed:

1. All hearings before the Court whether in chambers or in the courtroom between the attorneys and the Court sitting without the presence of the jury.

2. The two hearings outside the presence of the jury held on August 6 and 7 (or maybe August 7 and 8) involving the admission of the "Voluntary statement" including all the testimony of Sergeant Balog, but excluding the testimony in both hearings of Mrs. Garcia. We do not want the testimony of Sergeant Balog given before the jury.

3. All the testimony of the complaining witness.

In compliance with the request, the court reporter prepared in narrative form the requested evidence, certifying the same as full, true and correct. To this certificate

is added the agreement of attorneys that the same is a full, true, and correct transcript in narrative form of the requested evidence, and wherein they further agree that the same shall be filed as the Statement of Facts in this cause. The appellant now complains that the narrative transcript is totally inadequate for the purposes of appealing, and that the same is totally inadequate for this court to determine if the appellant effectively waived his right of counsel on the making of a confession. The case of Hernandez v. Hardy, 426 S.W. 2d 258 (Civ.App., 1968, no writ) is cited as authority, which has been overruled by Brenan et al. v. Court of Civil Appeals, Fourteenth District et al., Tex., 444 S.W.2d 290. Rule 380 explicitly requires that where appellant has made the proof required to appeal his case without bond, the transcript of the trial proceedings shall be in narrative form. Under the rule it is plain that the court reporter cannot be required to furnish other than the narrative statement, and not the question and answer statement. Seele v. Seele, 371 S.W.2d 922 (Civ.App., 1963 wr. ref., n. r. e.). The latest expressions by the Supreme Court of Texas support the propositions that the Rules of Civil Procedure apply to appeals in juvenile delinquency proceedings. Brenan et al. v. Court of Civil Appeals (supra). Further, though he complains of the lack of the testimony of the mother, since he specifically instructed the court reporter not to furnish the testimony of the mother, then he cannot complain on appeal because of the lack of such testimony. Under these facts, we overrule appellant's first point.

■■ Next, the appellant complains of the failure of the trial court to enter an order stating its specific findings as to why, as a matter of law, the confession was voluntary. Prior to his announcement, the appellant moved the court to grant him a preliminary hearing out of the presence of the jury, hear the evidence and make specific findings as to the controverted issues of fact concerning the voluntariness and admissibility of the questioned statement. A hearing out of the presence of the jury was granted, at which Officer Balog and the appellant testified, and at the conclusion of which the court made and filed an independent finding stating that "as a matter of law and fact that such confession is admissible, that the said statement was voluntarily made under voluntary conditions by the said Richard Flores Garcia and should be submitted to the Jury for its consideration. It is, therefore, ordered that the said statement of Richard Flores Garcia be submitted to the Jury for its consideration."

It is appellant's contention that upon presentation of the question of whether or not a minor has waived his right against self-incrimination in the writing of a confession, the court, in determining this question is bound by the Vernon's Ann. Texas Code of Criminal Procedure, Art. 38.22, Sec. 2, and that special findings on the issues raised must be made by the trial judge, Morales v. State, 427 S.W.2d 51 (Court of Criminal Appeals of Texas). This is based on the often stated premise that a finding as to the juvenile may lead to commitment to a state institution and therefore the proceeding must be regarded as criminal for purposes of the privilege against self-incrimination. In re Application of Gault, 387 U.S. 1, 36, 87 S.Ct. 1428, 18 L.Ed.2d 527; Leach v. State, 428 S.W.2d 817 (Civ.App., 1968, no writ). At the hearing before the court the appellant testified that he was told by the detective that if he did not confess, he would go to the electric chair. The appellant complains of no finding in regard to this alleged threat and none as to the nine factors considered in West v. United States, 399 F.2d 467 (U.S.C.A. 5th, 1968). Even though the Code of Criminal Procedure may require that the trial judge make specific findings on the disputed facts raised in the hearing out of the presence of the jury, it is still clear that the proceeding to have a juvenile declared to be delinquent is a civil matter and that the statutes and rules relating to civil actions should govern as far as prac-

ticable. The trial court had an opportunity to observe the officer and the juvenile, hear their testimony, and made his own independent findings out of the presence of the jury. This should suffice. Yzaguirre v. State, 427 S.W.2d 687 (Civ.App., 1968, n. w. h.), and the numerous authorities cited therein. This point is overruled.

The third and most important point by the appellant is to the effect that the trial court was in error in his finding and conclusion that the confession was voluntary. At the hearing before the court, the appellant testified that he was told by the detective that if he did not confess, he would go to the electric chair. Officer Balog at this hearing testified that at the time of the appellant's arrest, he advised the boy's mother in the boy's presence that she had the right to consult an attorney before the boy could be questioned or give a statement; that she had the right to have an attorney appointed for them if she couldn't afford one; that he had the right to remain silent, and any statement he did give could be used in evidence against him, and she did sign a consent and waiver form which is not before the court in the requested record. The officer did testify that the form advised the parents that if they did not desire, that the officer could not question the boy. When the appellant was taken to the officer's office, the following warning was read, the same appearing at the top of the appellant's statement:

"VOLUNTARY STATEMENT

"Date  July 23, 1968              Place  Odessa Police Department

"I, Richard Flores Garcia, am 14 years of age, having been born on the 17th day of May, 1954, at Carlsbad, New Mexico, and my address is 1206 Drury Lane. I have been advised and duly warned by S. N. Balog, who has identified himself as A Police Detective, of my right to the advice of counsel before making any statement, of my right to consult and retain counsel, of my right to have counsel present while making any statement, of my right to request the appointment of counsel if I and my parents are unable to retain counsel, and that I do not have to make any statement at all nor incriminate myself in any manner. I hereby expressly waive my rights to counsel and to remain silent and voluntarily make the following statement, knowing that any statement I make may be used against me during my trial for the offense concerning which this statement is made. I further declare that this statement is made of my own free will, without fear or threat of physical harm, without coercion, without promise or hope of reward, leniency or favor, by any person or persons, and I further wish to state:  *  *  *"

At the bottom of the statement before the signature is the folowing: "This statement was started at 11:00 A.M. and finished at 11:45 A.M." This indicates the statement was concluded an hour and forty-five minutes after the appellant's arrest. The officer further testified that he warned the appellant that he had the right to stop at any time and of the right to an attorney, and the officer felt that the appellant understood everything that was told him in regard to his rights and that he knew what he was doing when he made the statement. The appellant was only questioned by the officer, and his mother did not come to see him, nor did a lawyer see him when he was being questioned. At the hearing before the court, the appellant testified as to his version of the statement, at one point saying that he was not told he could have an attorney, nor the right to remain silent, nor the right to stop at any time, and again that the warning was read to him, but that the appellant did not understand his rights

and that he was scared. Further, that he was in the eighth grade, after flunking a grade and that his grades were not too good. After the statement was taken, it was signed by the appellant in the presence of two witnesses who also signed the statement.

The appellant argues emphatically that the Gault and Leach cases stand for the proposition that special caution should be taken when the question arises of whether or not a juvenile has waived his right against self-incrimination, and with this the appellee agrees. The appellant, while repudiating his waiver of his privilege against self-incrimination, does not repudiate the statement in so far as it relates to the appellant, but does repudiate it in so far as it related to another boy involved in the activities with the girl. As pointed out, we do not have the complete statement of facts before us, particularly in so far as it relates to the trial before the jury, due to the request of the attorneys for the appellant in their own preparation of this appeal.

 We feel that it is the totality of circumstances which are pertinent and controlling for a trial judge to consider in order to rule on the voluntariness of a statement of a juvenile; and whether or not a juvenile has intelligently waived his privilege against self-incrimination, it is necessary for the trial judge to so view the totality of circumstances in each particular case. The West case does enumerate factors to be considered by the courts in resolving a disputed question of this nature, but the ones listed are not absolute requirements. In view of the fact that the trial judge conducted his own independent examination of the officer and had the opportunity to observe the witnesses, we hold that the confession in this case was properly submitted to the jury. Though the appellant states that it was absolutely necessary that he be brought before a neutral magistrate and warned with particularity as to the consequences of his waiving his right to counsel and the probable result of

any confession he might give, this is not required, as was so held in Yzaguirre v. State, supra. In summary, the proceedings from the time of the appellant's arrest have complied in all respects with the requirements of In re: Application of Gault as to due process and fairness. We commend the trial judge on his conduct of these proceedings and refer to the court's charge as a model. Appellant's third point is overruled.

■ The last point, to the effect that an appeal in a juvenile delinquency proceeding should lie with the Court of Criminal Appeals, is precluded by Art. 2338–1, Sec. 21; Dendy v. Wilson, 142 Tex. 460, 179 S.W.2d 269, 151 A.L.R. 1217; Brenan et al. v. Court of Civil Appeals (supra), and is overruled.

The judgment of the trial court is affirmed.