Leonor L. MORIN

v.

Manuel P. MORIN.

No. 1257.

Court of Civil Appeals of Texas, Corpus Christi.

Jan. 19, 1978.

Rehearing Denied Feb. 9, 1978.

J. Marvin Ericson, Corpus Christi, for appellant.

William L. Hardwick, George West, for appellee.

OPINION

BISSETT, Justice.

Leonor L. Morin, hereinafter called "Leonor", brought suit for divorce in the District

Court of Bee County, Texas, against Manuel P. Morin, hereinafter called "Manuel". The trial court granted the divorce and made a division of property between the parties. Leonor appeals that part of the judgment pertaining to the distribution of property. We affirm.

Leonor was awarded the following property: one bed with mattress, one small desk, living room suite consisting of sofa, occasional chair, coffee table, and end table; a bank account standing in her name; personal effects in her possession and all personal property, if any, presently in her name. Manuel was awarded: Lot 8 of the First Registered Subdivision of the Borroum Ranch, in Bee County, Texas; "Morin's Lounge", located on the aforesaid lot, together with all inventory, fixtures and equipment situated therein; a Chevrolet automobile, a bank account standing in his name, personal effects in his possession, personal property, if any, presently in his name.

There is no statement of facts in this case. There are no findings of fact made and filed pursuant to Rule 296, T.R.C.P. However the judgment does set out certain findings. Those which bear on this appeal are summarized, as follows:

(1) Manuel, on or about January 19, 1970, entered into a contract to purchase a tract of land described as Lot 8 of the First Registered Subdivision of the Borroum Ranch of Bee County, Texas, paying down the sum of $675.00, the deferred consideration of $13,455.00 being payable and to be paid in 261 monthly installments;

(2) Thereafter, in February, 1970, in response to Manuel's proposal and promise of marriage, Leonor, believing such proposal and promise, and not knowing of any impediment to its performance, began living with Manuel in San Antonio, Texas;

(3) At some later date, Manuel, for the first time, disclosed to Leonor that he was not yet divorced from another woman; but promised that as soon as his divorce was granted, he would marry her (Leonor);

(4) Manuel and Leonor were married ceremoniously on July 6, 1973;

(5) Prior to such ceremonial marriage, the parties held themselves out to the public as being married;

(6) When the parties began living together they established a joint bank account, styled "Mr. or Mrs. Manuel P. Morin", in a San Antonio Bank, which was maintained until sometime after the ceremonial marriage of the parties in July, 1973;

(7) Prior to the ceremonial marriage of the parties all of Leonor's earnings and a portion of Manuel's earnings were deposited in the joint bank account;

(8) At least one half of the monthly installment payments on the purchase price of Lot 8, of the First Registered Subdivision of the Borroum Ranch, in Bee County, Texas, during the existence of the joint bank account was made from personal earnings of Leonor;

(9) The contract of sale and purchase of said Lot 8 was current and in full force and effect on April 28, 1977, when the judgment was signed;

(10) Manuel's "earning ability" from his present employer is "$11,000.00 to $12,000.00 per year", and his net income from the operation of the "Morin's Lounge" is $125.00 per week;

(11) Leonor's "earning ability" is $5,000.00 per year.

Leonor, in overlapping points of error (Nos. 1 and 2), complains that the trial court erred in divesting her of "her separate estate interest in real property" and awarding such interest to Manuel. The only real estate involved is Lot 8 of the First Registered Subdivision of the Borroum Ranch, in Bee County, Texas, which will henceforth be referred to as "Lot 8". In point of error No. 3, it is contended that the trial court abused its discretion in awarding "substantially all of the parties' community property" to Manuel.

When the trial court in its judgment finds generally for one of the parties, but findings of fact are not requested and

none are filed pursuant to Rule 296, T.R. C.P., and no statement of facts is brought forward on appeal, there exists little basis for appellate review of the case unless fundamental error appears on the face of the record. In the absence of fundamental error being shown, the appellate court will presume that the judgment was supported by sufficient evidence of probative value. *Guthrie v. National Homes Corporation,* 394 S.W.2d 494 (Tex.Sup.1965); *Armenta v. Nussbaum,* 519 S.W.2d 673 (Tex.Civ.App.— Corpus Christi 1975, writ ref'd n. r. e.).

 The trial court is not now required to make findings in the judgment upon which the judgment is based, and the better practice is to make such findings in accordance with the provisions of Rules 296–299, T.R.C.P. See Rule 306, T.R.C.P.; *Fenlon v. Jaffee,* 553 S.W.2d 422 (Tex.Civ.App.—Tyler 1977, writ ref'd n. r. e.); *Roberson Farm Equipment Company v. Hill,* 514 S.W.2d 796 (Tex.Civ.App.—Texarkana 1973, writ ref'd n. r. e.). In the instant case, findings of fact as authorized by Rule 296, T.R.C.P. were neither requested nor filed. The findings made by the trial court in the judgment do not furnish a basis for the reversal of the judgment, and we must presume that the findings are supported by evidence. Resolutions of the points in Leonor's favor would require a statement of facts which showed that Leonor owned an interest in Lot 8 as her separate property and that the trial court abused its discretion in dividing the community property in the manner it was divided. As has been stated, there is no statement of facts before this Court. The trial court found that the contract of sale covering Lot 8 was made prior to the time that the parties were married. Leonor did not seek to impress a trust upon the equity in the contract, nor did she ask for a recovery of any money which was paid out of her personal earnings on the monthly installments due under the contract of sale. We indulge every presumption in favor of the trial court's judgment. Under the record here presented, we have no choice but to affirm the judgment of the trial court.

We have carefully read the transcript. The record before us does not present fundamental error, nor does it present a question of law that is of importance to the general public. See *Franke v. Franke,* 373 S.W.2d 891 (Tex.Civ.App.—Corpus Christi 1963, no writ). Leonor has not shown reversible error. We have considered all of the points of error brought forward by Leonor, appellant herein, and they are all overruled.

The judgment of the trial court is AFFIRMED.