**TEXAS HAULING CONTRACTORS CORP., Appellant,**

v.

**ROSE SALES COMPANY, Appellee.**

**No. 1259.**

Court of Civil Appeals of Texas, Corpus Christi.

Opinion on Motion Nov. 3, 1977.

Opinion March 31, 1978.

Rehearing Denied April 27, 1978.

Benjamin Shefman, New Braunfels, for appellant.

Milton W. Walton, Corpus Christi, for appellee.

OPINION ON MOTION

PER CURIAM.

The question of proper authentication and resolution of objections to the statement of facts is before this Court in various postures in three different appeals now pending in this Court. The question presented in Cause Number 1259, *"Texas Hauling Contractors Corp. v. Rose Sales Company"*, is the same as the question in Cause Number 1255, *"Nueces Trust Company v. Carlos T. (Buddy) White"*, and the remedy is also applicable in Cause Number 1286, *"Gaudalupe S. Farias v. Texas General Indemnity."*

The appellants in Causes 1259 and 1255 timely presented statements of fact for filing in their respective appeals. In each case, the statement of facts was signed by the trial judge but not by counsel for appellant or appellee. On appeal, the respective appellees have filed motions to strike the statements of fact, contending that Rule 377(d), T.R.C.P., does not permit authentication by the trial judge unless the parties are unable to agree on the correctness of the statement of facts and have presented the document to the judge so that he might settle the differences and make the statement of facts conform to the truth.

Rule 377(d) provides:

"It shall be unnecessary for the statement of facts to be approved by the trial court or judge thereof when agreed to by the parties. If any difference arises as to whether the record truly discloses what occurred in the trial court, or if the op-

posing party fails to agree or to disagree within ten days after being furnished with a copy of the proposed statement of facts, the matter shall be submitted to and settled by the trial court or judge thereof and the statement of facts be by him made to conform to the truth."

The rule states that it is "unnecessary" to secure the approval of the trial judge unless, the parties fail or refuse to agree on the statement of facts, but it does not state that it is improper to secure the approval of the trial judge in other circumstances. The question, therefore, is whether the trial judge's signature on the statement of facts constitutes a valid authentication.

Authentication is an informality which can be waived under Rule 404, T.R.C.P., if no objection is made within 30 days. *Roberson Farm Equipment Company v. Hill*, 514 S.W.2d 796 (Tex.Civ.App.—Texarkana 1973, writ ref'd n. r. e.); *Sparks v. Chandler*, 201 S.W.2d 252 (Tex.Civ.App.—El Paso 1947, no writ). Since objections were raised by the appellees in Causes 1255 and 1259 within 30 days of the filing of the statements of fact, no waiver has occurred in these two cases.

The courts have not been entirely consistent in their approach to authentication under Rule 377(d). Approval by the trial judge without prior presentation of the statement of facts to appellee has been considered sufficient compliance with Rule 377(d) to serve all the purposes contemplated by the rule. *Wells-Grinnan M.A.B. v. Belton Sand and Gravel Co.*, 293 S.W.2d 70 (Tex.Civ.App.—Austin 1956, no writ); *Newsom v. Boyd*, 203 S.W.2d 874 (Tex.Civ. App.—Galveston 1947, no writ); *Sparks v. Chandler*, supra. In *Sparks* the court stated:

"Section (d) contemplates, we think, that the statement of facts when prepared will be submitted to the opposing party for action thereon, but there is no provision that does in anywise condemn one prepared, certified and approved as a full and complete and true statement of the facts adduced on the trial."

As an additional reason to permit filing of the statement of facts, the court in *Sparks* cited waiver under Rule 404 due to lateness of the motion to strike. In *Wells-Grinnan* and *Newsom*, however, there was no indication that the objections were tardy.

In contrast, the Ft. Worth Court viewed a statement of facts signed by a judge as "incomplete" because it contained no certificate showing the necessity for the judge's approval. *Foster v. Buchele*, 213 S.W.2d 738 (Tex.Civ.App.—Ft. Worth 1948, writ ref'd n. r. e.). In *Foster*, the appellee's motion to strike the statement of facts contained numerous objections to purported errors and omissions. Rather than striking the statement of facts or filing it as presented, the Court granted the parties 15 days in which to reach an agreement. If no agreement was achieved in the allotted time, then the parties to the appeal were to follow the procedures in Rule 377(d) in seeking authentication by the trial judge.

The Beaumont Court in *St. Paul Fire & Marine Insurance Company v. Lake Livingston Properties, Inc.*, 546 S.W.2d 404 (Tex. Civ.App.—Beaumont 1977, writ ref'd n. r. e.), struck the statement of facts and held that a statement of facts signed only by the court reporter and judge to be "unauthenticated." We believe that this result is too harsh and is not called for by the Rules of Civil Procedure or the prior case law.

We agree with the reasoning in *Roberson Farm Equipment Company v. Hill*, supra. The opinion clearly and correctly states the law in regard to the need for authentication and the circumstances under which it can be waived. In *Roberson*, neither the trial judge nor the parties had signed the statement of facts. We find nothing in the opinion which expressed a need or even a preference for first seeking the approval of the parties before presenting the statement of facts to the judge. Neither *Roberson* nor Rule 377(d) requires such a severe penalty as striking the statement of facts when the same has been submitted to the judge for approval rather than the parties or their attorneys. *Wells-Grinnan M.A.B. v. Belton Sand and Gravel Co.*, supra.

The clear intent of Rule 377(d) is to avoid the necessity of asking judges to review statements of fact except in instances where a disagreement between the parties needs to be resolved. We believe that attorneys should be encouraged to follow this procedure. However when time or circumstances seems to require the prior approval by the trial judge, we see no need for enforcing strong sanctions against the appellant just because the parties do not approve the statement of facts prior to filing in the appellate court. We therefore adopt an approach to the problem similar to that outlined in *Foster v. Buchele,* supra. Where, as in the situations here presented, there is a question of proper authentication of the statement of facts, and an objection to the statement of facts is made within 30 days after the same is filed in a Court of Civil Appeals, the objecting parties may request a reasonable time in which to approve the statement of facts or present his objection to the opposing party for his approval to the objected matter. Where resolution of the differences cannot be had between the parties, then such disagreements shall be submitted to the trial judge for his resolution based on his own recollections as rule 377(d) envisions. If any material matter has been omitted or it is shown that the statement of facts was prepared in violation of the rules, remedial action under Rules 428 and 429, T.R.C.P., is available.

In Cause 1286, a different type of objection to the statement of facts was raised, but the remedy is similar to that prescribed above. Appellant Farias, under Rule 355, T.R.C.P., secured a transcript and statement of facts without having to pay or give security for the cost. The trial judge ordered the court reporter to prepare a statement of facts in narrative form. Appellant contends that he is entitled to a question and answer statement of facts.

There is no right to a question and answer form for the statement of facts in a case appealed in *forma pauperis. In re Garcia,* 443 S.W.2d 594 (Tex.Civ.App.—El Paso 1969, no writ); *Seele v. Seele,* 371 S.W.2d 922 (Tex.Civ.App.—San Antonio 1963, writ ref'd n. r. e.); *Ackerson v. Farm & Home Savings & Loan Ass'n of Missouri,* 71 S.W.2d 381 (Tex.Civ.App.—San Antonio 1934, no writ); Rule 380, T.R.C.P. When an objection is timely made to the contents of the narrative statement of facts, then the above procedure with respect to Causes 1255 and 1259 will be followed in order that the parties may have a reasonable time to resolve their differences or submit the statement of facts to the trial judge to settle any disputes between them.

The motions to strike the statements of fact in Causes 1259 and 1255 are hereby denied. However, the objecting appellee in each of those cases will have 15 days from the date of this opinion within which to approve (by signature) the statement of facts now on file in this Court or to notify appellant, in writing, his specific objections and reasons why he will not approve the statement of facts. If the parties then agree, they shall sign the statement of facts and return the same (within the time so allotted) to the clerk of this Court. In case of a dispute between the parties, and if agreement between the parties is not reached within 20 days from the date of this opinion, the parties will return the statement of facts to the clerk of this Court with his written objections attached thereto. Whereupon, this Court will deliver the statement of facts to the respective trial judge for his hearing and resolution of the differences between appellant and appellee.

The motion to extend the time in which to file a substitute statement of facts in Cause 1286 is hereby denied, with the instruction that the parties follow the same procedure set out above to settle any disputes which may occur concerning the content of the narrative statement of facts.

MOTIONS DENIED WITH INSTRUCTIONS.

## OPINION

NYE, Chief Justice.

Rose Sales Company (appellee) sued Texas Hauling Contractors Corporation (appellant) on a sworn open account for the pur-

chase price of a used motor. An invoice with a specific warranty was prepared by Rose Sales Company at the time the defendants received the motor in question. The defendant, purchaser, defended on the grounds that the motor was defective when purchased and that the motor was returned pursuant to an oral warranty that was different from that contained in the written invoice. Trial was to the court, sitting without a jury. Judgment was entered for Rose Sales Company for the purchase price of the motor and attorney's fees. Defendant purchaser perfected his appeal to this Court. The question before this Court is the sufficiency of the evidence to sustain the trial court's judgment.

At trial, the defendant contended that its president, Floyd McLaughlin, telephoned Rose Sales Company on March 12, 1976, to inquire whether Rose Sales had a good used "366 engine" for a disabled truck. McLaughlin testified that he was informed that Rose Sales had such a motor to sell and that if the engine was not "good", the purchaser could return the motor. Rose Sales contended on the other hand that the engine was sold under a specific warranty guaranteeing an exchange in the event the heads, crankshaft or block failed. At the conclusion of all of the evidence, the trial court rendered judgment in favor of Rose Sales Company for $500.00, the purchase price of the used engine.

█ The trial court recited certain fact findings and legal conclusions in its judgment. It did not file separate findings of fact or conclusions of law. Since no findings of fact were filed by the trial court, we are relegated to an examination of the implied findings for support of the trial court's judgment. Such recitation in the judgment itself are not proper. It tends to mislead the parties, sometimes resulting in the failure by them to request and receive specific findings of fact essential to an attack based on insufficient evidence of the various elements necessary to support a judgment. Recitations contained in the judgment cannot be substituted for separately filed findings of fact and conclusions of law. As such, they do not afford any basis upon which a losing party may attack the trial court's judgment. *Morin v. Morin*, 561 S.W.2d 263 (Tex.Civ.App.—Corpus Christi 1978, no writ); *Fenlon v. Jaffee*, 553 S.W.2d 422 (Tex.Civ.App.—Tyler 1977, writ ref'd n. r. e.); *Roberson Farm Equipment Company v. Hill*, 514 S.W.2d 796 (Tex.Civ.App.—Texarkana 1973, writ ref'd n. r. e.).

Where no findings of fact or conclusions of law have been filed, as in this case, the judgment of the court will be affirmed if there is any evidence of probative force to support it upon any theory authorized by law. *Lassiter v. Bliss*, 559 S.W.2d 353 (Tex. Sup.1977); *Bishop v. Bishop*, 359 S.W.2d 869 (Tex.Sup.1962); *Atlantic Richfield v. Trull*, 559 S.W.2d 676 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd w. o. j.); *Don's Marine v. Haldeman*, 557 S.W.2d 826 (Tex. Civ.App.—Corpus Christi 1977, writ ref'd n. r. e.); *Godde v. Wood*, 509 S.W.2d 435 (Tex. Civ.App.—Corpus Christi 1974, writ ref'd n. r. e.). The Courts of Civil Appeals presume that the trial court found all necessary facts in favor if its judgment, and the reviewing court is bound by such implied findings if there is any evidence of probative value to support them. *Atlantic Richfield v. Trull*, supra; *Don's Marine v. Haldeman*, supra; *Pruske v. National Bank of Commerce of San Antonio*, 533 S.W.2d 931 (Tex.Civ.App. —San Antonio 1976, no writ). In reviewing the evidence, we must consider only that evidence most favorable to the trial court's presumed findings and disregard all contrary evidence. *Renfro Drug Co. v. Lewis*, 149 Tex. 507, 235 S.W.2d 609 (1950); *Fenlon v. Jaffee*, supra; *Bowen v. El Paso White Truck Co.*, 434 S.W.2d 931 (Tex.Civ.App.— El Paso 1968, no writ); *Oxford Development Co. v. Eppes*, 422 S.W.2d 583 (Tex.Civ. App.—Corpus Christi 1967, no writ).

This case was filed upon a sworn open account, which was met by a denial under oath by the purchaser that each and every item stated in the account was not just or true. This sworn denial of the account sued upon placed the burden upon Rose Sales Company to prove its case as at common law and independent of Rule 185, Texas

Rules of Civil Procedure. *J. E. Earnest & Co. v. Word*, 137 Tex. 16, 152 S.W.2d 325 (1941); *Opryshek v. McKesson & Robbins, Inc.*, 367 S.W.2d 357 (Tex.Civ.App.—Dallas 1963, no writ); *Trice Contract Carpets & Furniture, Inc. v. Martin*, 334 S.W.2d 554 (Tex.Civ.App.—Amarillo 1960, no writ); *Davis v. Gilmore*, 244 S.W.2d 671 (Tex.Civ. App.—San Antonio 1951, writ ref'd); *Burtis v. Butler Bros.*, 243 S.W.2d 235 (Tex.Civ. App.—Dallas 1951, no writ).

■ The burden was upon Rose Sales Company to establish each and every item of its account by legal and proper evidence. The essential evidence of such proof includes the following: 1) sale and delivery of the merchandise; 2) that the prices charged for the goods were in accordance with an agreement, or in the absence of an agreement that they were usual, customary or reasonable; and 3) that as of the date of the delivery of the goods for thirty days thereafter the amount due remained unpaid. *California Chemical Co. v. Sasser*, 423 S.W.2d 347 (Tex.Civ.App.—Corpus Christi 1967, no writ); *Bosco Bolt, Nut, Screw Co. v. Mercer Construction Co.*, 412 S.W.2d 322 (Tex.Civ.App.—Corpus Christi 1967, no writ); *Burrus Mills, Inc. v. Hein*, 399 S.W.2d 950, 952 (Tex.Civ.App.—Houston 1966, writ ref'd n. r. e.); *Opryshek v. McKesson & Robbins, Inc.*, supra at 358; *Trice Contract Carpets & Furniture Inc. v. Martin*, supra at 558.

The parties agree on this appeal that the only real dispute is whether Rose Sales Company gave a binding oral warranty over the telephone to the president of Texas Hauling Contractors to the effect that if the used engine purchased was not "good", Texas Hauling Contractors could exchange the motor. This dispute concerns the first element of plaintiff's cause of action—i. e., a sale was consumated in accordance with the warranty listed on the invoice which guaranteed the heads, crankshaft and block of the motor.

There is ample evidence in the record to support the trial court's implied finding. Evarispo Espinoza, truck foreman for the purchaser, testified that he and the chief mechanic, Sam Zapata, went to Rose Sales Company on behalf of the purchaser to acquire a used "366 engine" and some other parts not material to this appeal. Espinoza testified that they dealt with Mike Rose of Rose Sales who prepared an invoice that Mr. Espinoza signed. He further testified that they took the engine from Rose Sales and delivered it back to the site at which Texas Hauling Contractors Corporation was then working. Mike Rose testified that he sold the motor to the employees of Texas Hauling Contractors Corporation and that he gave them the same guarantee given by Rose Sales on all of the motors that they sell. This guarantee is that the block, head and crankshaft are good. He further testified that Espinoza and Zapata started the engine and checked it out prior to the time they accepted and removed it from the premises of Rose Sales.

The record also indicates that shortly after this engine was installed in the purchaser's disabled truck, it was returned to Rose Sales with a broken connecting rod. Mike Rose testified that even though this failure was not covered by the express warranty, he agreed to exchange it for a second used motor in order to try to keep the business relations between the parties continuing. He testified that two business partners, two mechanics, and he, himself, personally checked out the second motor to make certain that it was in good running condition. Mr. Espinoza and Mr. Zapata picked up this second engine and delivered it to Texas Hauling Contractors' work site. Prior to taking the second engine, Mr. Zapata testified that he examined the engine while it was running, and then concluded that it was in good working order. The record indicates, however, that this second engine threw a rod after 97 miles of operation. This failure was not covered by the express written warranty.

■ The evidence is sufficient that the sale was consummated at Rose Sales' place of business and that both parties agreed to the express warranties contained in the written invoice. There is testimony in the record that it is not customary in the trade

**246**

to give any warranty on a used motor. However, contrary to the usual and customary practice in the industry, Rose Sales did guarantee the motor as to the head, crankshaft and block. The invoice, containing this warranty, was prepared and signed on the spot at the time of sale. The defect, if any, did not go to the parts warranted by Rose Sales.

The evidence regarding an alleged oral warranty is conflicting. The trial court, as the trier of facts in this case, was at liberty to believe all or none or any part of the testimony of any party or any witness. Under the above stated rule, we look only to that evidence favorable in upholding the trial court's judgment. We cannot substitute our judgment for that of the trial court even if we might have reached a different conclusion.

The judgment of the trial court is AFFIRMED.