**Joseph H. GONZALEZ et ux.,
Appellants,**

v.

**Manuel CAVAZOS, Jr., Appellee.**

**No. 1497.**

Court of Civil Appeals of Texas,
Corpus Christi.

June 5, 1980.

Rehearing Denied June 26, 1980.

Mike Mills, Atlas, Hall, Schwarz, Mills, Gurwitz & Bland, McAllen, for appellants.

John F. Dominguez, Mercedes, for appellee.

OPINION

YOUNG, Justice.

The controlling issue in this appeal is whether lessees must continue payment un-

der a lease of premises containing a commercial building the interior of which was ruined by fire and which was subsequently repaired by the lessor. Joseph H. Gonzalez and wife, Lillie Gonzalez, entered into a lease agreement for the use of premises owned by Manuel Cavazos, Jr. Mr. and Mrs. Gonzalez refused to reóccupy the premises after restoration. Cavazos then brought suit for, among other things, past and future rentals. After a trial before the court without a jury, the trial court rendered judgment in favor of the plaintiff Cavazos. Defendants appeal. We affirm.

The parties entered into a lease agreement on June 30, 1973, for premises on which the defendants desired to conduct a retail clothing business. The primary term of the lease expired on February 16, 1974, but the appellants had the option to extend the lease for the "First Activated Lease Period" which continued until February 16, 1979. Such option for extension was exercised by the appellants and was in effect on the date of the fire.

On May 4, 1974, a fire completely destroyed the inside of the building and left it unfit for any commercial use. Rentals for the property under the terms of the First Activated Lease Period had been paid up until the date of the fire. Payments of rent were thereafter suspended by the defendant lessees. On November 8, 1974, the plaintiff-lessor advised the lessees that restoration of the building had been completed and that the premises were again ready for occupancy. The attorney for the lessor also notified the lessees that the property was ready for occupancy by letter on December 2, 1974. Appellants never resumed occupancy of the building nor did they pay rentals for the remainder of the term, or any part thereof.

This refusal by the lessees to pay the rentals provided for in the lease agreement between the parties resulted in the instigation of this suit on August 29, 1975. Trial was before the court on May 17, 1978, which found in favor of the plaintiff. No findings of fact or conclusions of law were requested, nor were they filed.

■ Appellants first contend that the recitals in the judgment amount to findings of fact and conclusions of law by the court. Appellants would have this Court limit our review to the facts and conclusions of law set out in the recitals of that judgment. Such a contention has no basis in either the Rules of Civil Procedure or case interpretation by this Court. See Rules 296–299, T.R. C.P.

It is the opinion of this Court that recitals in the judgment are not tantamount to findings of fact or conclusions of law. Such recitals tend to mislead a party into failing to request specific findings of facts and conclusions of law upon which the judgment is actually based. Further recitations in the judgment do not afford any basis upon which a losing party may attack the trial court's judgment. *Texas Hauling Contractors v. Rose Sales Co.*, 565 S.W.2d 240 (Tex.Civ.App.—Corpus Christi 1977, no writ).

■ It is well settled law that where no findings or conclusions have been filed the judgment of a trial court will be affirmed if there is any evidence in the record of probative force to support it upon any theory authorized by law. *Lassiter v. Bliss*, 559 S.W.2d 353 (Tex.1977); *Texas Hauling Contractors v. Rose Sales Co.*, supra. The outcome of this appeal, however, depends essentially on the construction of the lease agreement between the parties.

Appellants have brought forward one point of error with three contentions. The first, about findings and conclusions in the judgment, we have already disposed of. Then the appellants assert that the trial court erred in granting judgment in favor of the appellee for the reason that the agreement on the building was terminated after the fire as a matter of law because: 1) the agreement was for the leasing of a commercial building and not for real estate; 2) the building was unfit for any commercial use after the fire. We disagree.

■ The general rule in Texas in that regard is that the lessee of lands (rather than of the improvements alone) upon

which the improvements are destroyed by fire subsequent to the execution of the lease contract cannot be relieved from an express covenant to pay rent, unless it is so stipulated in the contract, or the lessor has covenanted to rebuild. *Japhet, et al. v. Polemanakos,* 160 S.W. 416 (Tex.Civ.App.— El Paso 1913, writ dism'd). For applications of the general rule, see *Norman v. Stark Grain & Elevator Co.,* 237 S.W. 963 (Tex.Civ.App.—Dallas 1922, writ ref'd) (destruction of a building the use of which was prohibited for purposes other than as a grain warehouse); *Dallas Opera House Ass'n v. Dallas Enterprises,* 288 S.W. 656 (Tex.Civ.App.—Austin 1926) aff'd, 298 S.W. 397 (Tex.Com.App.1927) (destruction of building where lease had provision about repair in case of fire); *White v. Steele,* 33 S.W.2d 224 (Tex.Civ.App.—El Paso 1930, no writ) (partial destruction of building where part of building was under lease by party sought to be charged); *Hoover v. Wukasch,* 274 S.W.2d 458 (Tex.Civ.App.—Austin 1955, writ ref'd n.r.e.) (lessee's covenant to repair upon notice by lessor); *Elliott v. Joseph,* 163 Tex. 71, 351 S.W.2d 878 (1961) (general rule mentioned in disposition of rights of lessor and lessee in a condemnation suit). In the case before us the lease agreement describes the property under lease as follows:

"1. . . .

Lot 19, Block 233, Original Townsite of the City of Edinburg, Hidalgo County, Texas, according to the map or plat of said Original Townsite shown of record in the Plat Records of Hidalgo County, Texas; together with all appurtenances thereto and property situated thereon, including all of the area encompassed within the periphery of the land above described;"

To us it is clear that by the above description the parties included the land as part of the property to be leased, not just the building situated on the land. Appellants argue, however, that at the trial the parties stipulated that only the building was the subject of the lease. The stipulation referred to by the appellants is as follows:

"1). That Def. leased a bldg., commercial located at 112 North 12th St., Edinburg, Hidalgo County, Texas, for retail clothing store, on June 30, 1973, from Pl."

The most reasonable construction of that stipulation is that the parties were just relating what they meant by "all appurtenances thereto" contained in their lease agreement and what the premises were primarily used for by the appellants. Nowhere in the lease is there mention of the specific use to be made of the premises by the appellants. Therefore, contrary to appellants' position, no exception to the general rule exists in this lease as existed in *Norman v. Stark Grain & Elevator Co.,* supra, wherein the lease agreement specifically prohibited use of the building for purposes other than as a grain warehouse.

All of which brings us to the exceptions in the general rule announced in *Japhet,* i. e., that the lessee is relieved of liability to pay rent when improvements are destroyed by fire if the lease agreement so stipulates or the lessor has covenanted to rebuild. In the lease before us the only mention of rights of the parties resulting from damages by fire is contained in paragraph 4 thereof:

"4. Lessees agree to accept the leased premises in their present condition, and any and all costs of painting, repairing and remodeling shall be at Lessees' own expense. Lessor shall keep and maintain the roof and walls in good state of repair at his own expense. Lessees shall take good care of the property and its fixtures, and shall, *at Lessees' own expense and cost keep said premises,* including plate glass, *in good repair during the term of this lease, and at the end or other expiration of the term shall deliver up the leased premises in good order and condition,* natural deterioration and normal wear and tear and *damage by fire and the elements only excepted* ; and all alterations, additions and improvements, except trade fixtures, put in at the expense of Lessees shall be the property of the Lessor and shall remain upon and be

surrendered with the premises as a part thereof at the termination of this lease." (Emphasis supplied).

It is easy to see that paragraph 4 does not affect the appellants' obligation to pay rent, only their obligation about the conditions of the premises when the lease ends. Nor does paragraph 4 require the appellee to rebuild or repair in case of fire, even though he did do so. Therefore, the appellants have failed to demonstrate why the general rule set out in *Japhet* should not apply here, i. e., that their obligation to pay rent after the fire continued in spite of the fire. Appellants' point is overruled.

The judgment of the trial court is affirmed.